# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 40335

INTERMOUNTAIN REAL PROPERTIES,
LLC, an Idaho limited liability company, as
assignee of TMC CONTRACTORS, INC.

    Plaintiff-Appellant,

v.

DRAW, LLC, an Idaho limited liability
company,

    Defendant-Respondent,

and

KEVIN TAGGART, an individual, CAMDEN
COURT, LLC, an Idaho limited liability
company, TIMBERLINE PROPERTIES,
LLC, an Idaho limited liability company,
AARON DEAN EDDINGTON, an individual,
CITIZENS COMMUNITY BANK, and ALL
OTHER PERSONS UNKNOWN
CLAIMING INTEREST IN THE SUBJECT
PROPERTY,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Pocatello, August 2013 Term

2013 Opinion No. 106

Filed: October 16, 2013

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho,
Bingham County. Hon. Darren B. Simpson, District Judge.

District court grant of judgment, <u>affirmed.</u>

Manwaring Law Office, Idaho Falls, for appellants. Kipp L. Manwaring argued.

Thomsen Stephens Law Offices, Idaho Falls, for respondent. Richard R. Friess
argued.

_____

BURDICK, Chief Justice

Appellant, Intermountain Real Properties, LLC (Intermountain), appeals the Bingham County district court's grant of summary judgment to Respondent, Draw, LLC (Draw). Intermountain initially brought a cause of action, as an assignee of a materialmen's lien, against Draw and other defendants to recover payment on work paving a private drive in the Taylorview Development. The district court granted summary judgment to Draw on the grounds that Intermountain failed to raise a material issue of fact as to Draw's liability on the paving contract. Specifically, the district court found that Intermountain's lien as it applies to Draw's property is void, and that Draw should have quiet title to its property. The district court also awarded Draw attorney fees under I.C. § 12-120(3). We affirm the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In April 2008, Kevin Taggart contracted TMC Contractors, Inc. (TMC) to pave a private drive and parking spaces at the Taylorview Development in Shelley, Idaho. Taggart is one of the owners of Timberline Properties, LLC (Timberline), which developed the Taylorview Development with Shawn Allen, one of the members of Taylorview Apartments, LLC. The Taylorview Development was previously divided into separate lots for the purpose of constructing multi-family dwellings. In December 2007, Draw purchased property from Timberline. This property was and remains undeveloped real property. Draw's purchase also included an easement over property contiguous to the undeveloped property. Draw did not own this contiguous property. Draw's easement is over the same road that TMC paved and connects Draw's undeveloped property to a city street. Draw is owned solely by Sondra and Kevin Ward.

Pursuant to its agreement with Taggart, TMC completed the paving in October 2008. TMC billed Taggart and Allen for the work, but Taggart failed to pay the amount owed. TMC subsequently recorded a materialman's lien against all of the property in the subdivision, including Draw's previously purchased parcel.

On July 23, 2009, TMC filed its Complaint for Collection and Petition to Foreclose Materialman's Lien against Allen, Taggart, Draw, and others. The following day, TMC assigned the lien to Intermountain in an assignment agreement. An amended complaint was filed on August 7, 2009, and substituted Intermountain for TMC. The amended complaint contained four causes of action: (1) breach of contract; (2) open account; (3) unjust enrichment; and (4) lien foreclosure. The amended complaint also asked for attorney fees under I.C. §§ 12-120(3), 12-121, and 45-513. Draw filed an answer on September 8, 2009.

2

Draw filed a motion for summary judgment on all claims and an accompanying memorandum on March 6, 2012. The district court heard argument on the motion on April 30, 2012, and granted the motion in a May 25, 2012 order. In the order, the district court concluded that nothing in the record supported the theory that Taggart acted as an agent for Draw and that such a relationship would be necessary for Draw to be liable under the lien.

On June 19, 2012, Intermountain filed a motion for reconsideration that was supported with an affidavit by Robert Butler, who surveyed the Taylorview Development. Butler's affidavit stated that Draw's property is contained entirely within the Taylorview Development. The district court heard argument on this and other motions on July 9, 2012, and issued an order denying the motion on August 23, 2012. The order also awarded Draw attorney fees pursuant to I.C. § 12-120(3). A judgment was issued pursuant to the order on August 30, 2012. Intermountain timely filed a notice of appeal to this Court.

## II. ISSUES ON APPEAL

1. Whether the district court erred in granting summary judgment to Draw.
2. Whether the district court erred in awarding Draw attorney fees under I.C. § 12-120(3).
3. Whether either party is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party.

*Fuller v. Callister*, 150 Idaho 848, 851, 252 P.3d 1266, 1269 (2011) (quoting *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010)). "However, the nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact." *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632, 637, 272 P.3d 1263, 1268 (2012).

## IV. ANALYSIS

### A. The district court did not err in granting summary judgment to Draw.

Intermountain argues that the district court made two distinct errors in its decision granting summary judgment to Draw. First, Intermountain argues that the district court

3

disregarded the testimony of Robert Butler supporting Intermountain's motion for reconsideration. And second, Intermountain argues that the district court failed to apply the clear language of I.C. § 45-501.

1. The district court did not disregard Robert Butler's testimony.

Intermountain supported its motion for reconsideration with an affidavit from Robert Butler, the surveying engineer who prepared the record of survey for the Taylorview Development. In the affidavit, Butler stated that Draw's property is located entirely within the Record of Survey for Taylorview Development. On appeal, Intermountain argues that the district court erred because it disregarded Butler's testimony based upon documents that indicated Draw's property was outside the Taylorview Development.

The district court clearly considered Butler's affidavit in its order denying Intermountain's motion to reconsider. While the district court noted that Draw's property lay outside of a line that appeared to define boundaries, the court still concluded that "based upon the evidence in the record, at best, a fact issue remains whether or not Draw's Property lies within the Taylorview Development." The district court did this after discussing the specifics of Butler's testimony. Thus, Intermountain's argument that the district court did not consider Butler's testimony is an unreasonable one because the district court (1) discussed Butler's testimony and (2) noted that the testimony created a factual issue. Further, the district court explained that including the property within the development was not a dispositive issue. The district court concluded that even if Draw's property was within the Taylorview Development, "the record does not support a finding that Draw, as owner of one of the Taylorview parcels, consented to the paving or authorized the paving through Taggart as Draw's alleged agent." Thus, the district court considered Butler's affidavit even though it held that the question of whether Draw's property was located within the development was immaterial.

2. The district court correctly interpreted I.C. § 45-501.

Since the district court did not disregard Butler's affidavit, the next issue is whether the district court correctly interpreted I.C. § 45-501. In granting summary judgment to Draw, the district court found that there was no evidence in the record that Draw granted Taggart actual, implied, or apparent authority to act as Draw's agent. However, the district court's Order Granting Summary Judgment as to Defendant Draw, LLC does not expressly analyze any portion

4

of Title 45, chapter 5. The district court addressed this in its Order Denying Plaintiff's Motion for Reconsideration:

> Although this Court did not set forth a specific paragraph with regard to materialmen's liens, the *Summary Judgment as to Draw* makes clear that Draw was not a party to the paving contract, that Taggart did not act as an agent for Draw, and that Draw's Property is not within the Taylorview Development. These findings negate Intermountain's materialman's lien arguments. The record does not support a finding that Draw requested the paving, consented to the paving, or authorized the paving.

Intermountain argues that the district court failed to apply the clear language of I.C. § 45-501 in reaching its decision.

### a. Standard of Review.

> This Court exercises free review over questions of law. This Court also exercises free review over matters of statutory interpretation. The interpretation of a statute must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. A statute is ambiguous where the language is capable of more than one reasonable construction. We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature.

*Brannon v. City of Coeur d'Alene*, 153 Idaho 843, 848–49, 292 P.3d 234, 239–40 (2012) (internal citations and quotations omitted).

### b. Intermountain did not waive the issue under I.A.R. Rule 35(a)(4).

In a threshold question, Draw contends that this Court cannot consider I.C. § 45-501 on appeal because Intermountain failed to include this argument in the statement of issues section of its opening brief. This Court has stated that

> Rule 35(a)(4), I.A.R., provides that an appellant's failure to include in his initial appellate brief a fair statement of an issue presented for review results in waiver of the issue. However, we have stated this rule will be relaxed when the issue is supported by argument in the briefs.

*Weisel v. Beaver Springs Owners Ass'n, Inc.*, 152 Idaho 519, 525, 272 P.3d 491, 497 (2012). Although the issue is not listed in its statement of issues section, Intermountain's opening brief contains several paragraphs that discuss I.C. § 45-501 and its effects on Draw's liability. We hold that under *Weisel*, Intermountain provided sufficient argument on the issue to warrant review from this Court.

*c. The district court correctly applied I.C. § 45-501.*

Intermountain argues that the district court failed to apply the plain language of I.C. § 45-501 when it granted Draw's motion for summary judgment. Specifically, Intermountain argues that as the developers of the Taylorview Development, Allen and Taggart were persons "having charge . . . in whole or in part, of any building or other improvement" and are thus agents for Draw under I.C. § 45-501.

Idaho Code § 45-501 gives materialmen a lien in certain circumstances. This Court has stated that "[i]n Idaho materialman's liens are to be liberally construed so as to effect their objects and to promote justice." *Chief Indus., Inc. v. Schwendiman*, 99 Idaho 682, 685, 587 P.2d 823, 826 (1978). Therefore, I.C. § 45-501 should be liberally construed. Idaho Code section 45-501 states:

> Every person . . . who grades, fills in, levels, surfaces or otherwise improves any land . . . has a lien upon the same for the work or labor done or professional services or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge. . . of the construction . . . of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter . . . .

This section therefore grants a person who improves the land by grading, filling, or surfacing a right of lien against the land itself. *Hopkins Nw. Fund, LLC v. Landscapes Unlimited, LLC*, 151 Idaho 740, 744–45, 264 P.3d 379, 383–84 (2011). To be subject to a lien, this improvement to the land must be "done or furnished at the instance of the owner of the . . . improvement or his agent." I.C. § 45-501. Consequently, the person contracting for the land improvements must be either (1) the owner of the improved land or (2) the owner's agent. I.C. § 45-501.

Here, neither of those circumstances is present. First, there is no allegation that Draw owns any of the land that TMC graded and paved. None of the paving extended onto Draw's property. In fact, Draw purchased its property from Timberline before Taggart entered into the paving agreement with TMC. Thus, Draw was not the owner of the improved land.

Second, as noted by the district court, there is no evidence in the record that establishes an agency relationship between Taggart and Draw. There are three types of agency: express authority, implied authority, and apparent authority. *Bailey v. Ness*, 109 Idaho 495, 497, 708 P.2d 900, 902 (1985). All of these bind a principal to a contract the agent enters into with a third

6

party. *Id*. Express authority is when the principal explicitly grants the agent permission to act in the principal's name. *Id*. Implied authority is any authority that is necessary to accomplish the express authority that the principal delegated. *Id*. Apparent authority is authority granted based on the principal's words and conduct toward a third party, not the agent's acts and statements to that third party. *Id*. at 497–498, 708 P.2d at 902–903. Here, Taggart had no express or implied authority to enter into the contract with TMC because Draw did not expressly ask or hire Taggart to make this contract with TMC. In addition, Draw had no relationship with Taggart aside from purchasing the property from him. Thus, Draw gave Taggart neither of these two types of authority. Also, Draw had no contact with TMC. Because the record shows Draw made no acts or statements to TMC about Taggart, it was impossible for Taggart to have apparent authority. Thus, Taggart was not Draw's agent.

Intermountain argues that the language "any person having charge" includes Taggart and satisfies I.C. § 45-501's agency requirement. This Court has previously held that a person "has charge" when an agency relationship exists and any work was done at the instance of an agent. *See L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 744, 40 P.3d 96, 102 (2002). But Intermountain supplies no examples of Taggart's "charge" or control over Draw's land besides its contention that Draw's property was located within Taylorview Development. Taggart and Timberline had no contract with Draw that made payment for future improvements within the Taylorview Development a condition of the sale. Taggart and Timberline also did not include any covenant, condition, & restriction (CC&R) that defined their relationship with Draw and the Taylorview Development. Thus, Taggart's past ownership of the Draw Property, by itself, does not make him a "person having charge" of Draw's Property under I.C. § 45-501. Because Draw did not own the improved land and Taggart was not Draw's agent or a "person having charge," Draw's property is not subject to TMC's lien under the statute.

Intermountain argues that "[b]oth prongs of Intermountain's legal arguments supporting its lien rights rest on a factual determination of whether Draw's parcel is within Taylorview Development." In essence, Intermountain's argument is that just because you own a parcel of land located within a plat, the developer of that land is your agent. However, based on I.C. § 45-501, the fact that a parcel of land lies within a plat—by itself—is not enough. Indeed, a developer cannot get a "blank check" for future improvements to a plat without an implied or express agreement that the prior purchaser, like Draw, would be liable in the future.

7

Intermountain's failure to establish Draw's ownership of the improved property or some agency connection with Taggart renders the property location issue moot. Intermountain failed to provide any authority that would hold Draw liable for work that he did not contract for upon land that he did not own. We hold that the district court properly granted summary judgment to Draw.

**B. The district court did not err in awarding Draw attorney fees under I.C. § 12-120(3).**

In its August 23, 2012 Order, the district court awarded Draw attorney fees under I.C. § 12-120(3). On appeal, Intermountain argues that the district court incorrectly determined that this case was based on a commercial transaction for the purposes of I.C. § 12-120(3) because the district court determined there was no transaction between TMC and Draw.

Idaho Code section 12-120(3) states:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

Thus, I.C. § 12–120(3) is triggered when there are "allegations in the complaint that the parties entered into a commercial transaction and that the complaining party is entitled to recover based upon that transaction." *Garner v. Povey*, 151 Idaho 462, 470, 259 P.3d 608, 616 (2011). Whether an action is based on a commercial transaction is a question of law over which this Court exercises free review. *Harris, Inc. v. Foxhollow Const. & Trucking, Inc.*, 151 Idaho 761, 778, 264 P.3d 400, 417 (2011).

However, a party who alleges an action to recover on an open account or contract related to the purchase of services will also trigger this statute. This Court has held that when "a party alleges the existence of a contractual relationship of a type embraced by section 12–120(3) . . . that claim triggers the application of [I.C. § 12–120(3)] and a prevailing party may recover fees even though no liability under a contract was established." *Garner*, 151 Idaho at 469, 259 P.3d at 615 (quoting *Farmers Nat. Bank v. Shirey*, 126 Idaho 63, 73, 878 P.2d 762, 772 (1994)). In other words, when a plaintiff alleges a commercial contract exists and the defendant successfully defends by showing that the commercial contract never existed, the court awards the defendant attorney fees.

8

Here, Intermountain's amended complaint alleged breach of contract as Count One, and debt due on an open account as Count Two. Because these are both specifically mentioned in I.C. § 12-130(3), the statute applies. Thus, Intermountain alleged the existence of a contract, which triggered I.C. § 12-130(3), and Draw then prevailed in the action by successfully defending against that contract claim. Under *Garner*, Draw's successful defense makes it the prevailing party, and Draw will recover fees even though no contract or commercial transaction was established. We therefore hold that the district court properly awarded Draw attorney fees under I.C. § 12-120(3).

**C. Draw is entitled to attorney fees and costs on appeal.**

Draw argues that it is entitled to attorney fees and costs on appeal under I.C. § 12-120(3). However, Intermountain appealed two issues: (1) the district court's grant of summary judgment on the lien foreclosure issue and (2) the district court's grant of attorney fees to Draw. While neither party provided argument on apportionment of attorney fees, because these two issues are covered by separate attorney fees statutes, each issue must be examined separately.

The first issue is Intermountain's lien foreclosure appeal. Idaho Code section 45–513 applies here and awards reasonable attorney fees in an action to foreclose a mechanic's lien. Because I.C. § 45-513 is a specific statute that provides attorney fees in mechanic's lien foreclosure proceedings, I.C. § 12–120(3), which is a general statute, does not apply. *Id*. Also, I.C. § 45-513 "does not provide for the award of attorney fees on appeal, because the legislature deleted that provision from the statute prior to adopting it." *ParkWest Homes, LLC v. Barnson*, 154 Idaho 678, ___, 302 P.3d 18, 26 (2013). Thus, we award no attorney fees on appeal for the lien foreclosure issue.

The second issue Intermountain appeals is the district court's grant of attorney fees to Draw. As discussed above, I.C. § 12–120(3) will apply when a party alleges the existence of a contractual relationship or open account. *Garner v. Povey*, 151 Idaho 462, 470, 259 P.3d 608, 616 (2011). Because Intermountain alleged a contractual relationship and open account in its complaint, I.C. § 12-120(3) applies. Under I.C. § 12-120(3), the prevailing party is entitled to attorney fees on appeal. Draw is the prevailing party on appeal as to the issue of the district court's award of attorney fees, so Draw is the only party entitled to attorney fees and costs on appeal for this issue. Therefore, we award attorney fees to Draw for its defense of the district court's award of attorney fees.

## V. CONCLUSION

We affirm the judgment of the district court. We award attorney fees to Draw under I.C. § 12-120(3) for defending the district court's grant of attorney fees, but we award no attorney fees to Draw for defending the lien foreclosure appeal. Costs on appeal to Draw.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**