# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 40474

KEITH A. SIMS, dba KASCO OF IDAHO, ) 
LLC, an Idaho limited liability company, )
                    )

    Plaintiff-Counterdefendant-Appellant, )
                    )

v. )
                    )

DAN S. JACOBSON, an individual; SAGE )
HOLDINGS, LLC, an Idaho limited liability )
company; STEVEN G. LAZAR, an )
individual, THE MITCHELL A. MARTIN )
AND KAREN C. MARTIN FAMILY TRUST )
DATED AUGUST 9, 2005; DEVON )
CHAPMAN, an individual, )
                    )

    Defendants-Counterclaimants- )
    Respondents, )
                    )

and )
                    )

MONUMENT HEIGHTS, LLC; an Idaho )
limited liability company; ACI )
NORTHWEST, INC., an Idaho corporation; )
CHARLES R. DEAN, Successor Trustee; and )
JOHN and JANE DOES 1-100, )
                    )

    Defendants. )
_____
ACI NORTHWEST, INC., an Idaho )
corporation, )
                    )

    Plaintiff, )
                    )

v. )
                    )

MONUMENT HEIGHTS, LLC, an Idaho )
limited liability company; DAN S. )
JACOBSON, an individual; SAGE )
HOLDINGS, LLC, an Idaho limited liability )
company; STEVEN G. LAZAR, an )
individual; THE MITCHELL A. MARTIN )
AND KAREN C. MARTIN FAMILY TRUST )

Coeur d'Alene, September 2014

2015  Opinion No. 13

Filed: February 2, 2015

Stephen W. Kenyon, Clerk

**DATED AUGUST 9, 2005; DEVON** )
**CHAPMAN, an individual; KEITH SIMS** )
**dba KASCO OF IDAHO, LLC an Idaho** )
**limited liability company,** )
)
    **Defendants.** )
)

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Benjamin R. Simpson, District Judge.

District court order granting attorney fees, <u>affirmed.</u>

Madsen Law Offices, Coeur d'Alene, for appellant. Henry D. Madsen argued.

Lukins & Annis, PS, Coeur d'Alene, for respondents. Jonathon D. Hallin argued.

_____

BURDICK, Chief Justice

This appeal arose from three mechanic's liens that Keith A. Sims, dba Kasco of Idaho, LLC ("Sims") filed on property that Dan S. Jacobson, Sage Holdings, LLC, Steven G. Lazar, the Mitchell A. Martin and Karen C. Martin Family Trust, and Devon Chapman (collectively "the Jacobson group") had an interest in. The Kootenai County district court granted summary judgment to the Jacobson group on Sims's lien foreclosure and quantum meruit claims. The court also awarded the Jacobson group their attorney fees and costs. Sims appealed the district court's (1) grant of summary judgment on the lien foreclosure; (2) denial of a continuance at the quantum meruit hearing; and (3) award of attorney fees. Sims later withdrew his appeal on the lien foreclosure and continuance issues, so the only issue remaining is the district court's grant of attorney fees to the Jacobson group. We affirm the district court's award.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case began with a contract between Sims and Monument Heights, LLC. On June 20, 2008, Monument Heights entered into an express contract with Sims to blast rock for road construction on real property Monument Heights owned in Post Falls, Idaho. The property was made up of three contiguous parcels. On June 20, 2008, Sims began work on the property.

Because Sims was not paid, he stopped work on September 13, 2008. On November 25, 2008, Sims recorded three mechanic's liens with Kootenai County on Monument Heights's property. On May 11, 2009, Sims claimed (1) foreclosure of materialman's lien; (2) breach of

contract; and (3) quantum meruit. The complaint named as defendants Monument Heights and "John and Jane Doe 1–100 et al., individually, as owners, or agents of owners."

Sims did not include the Jacobson group as defendants until he amended his complaint on December 18, 2009. The amended complaint asserted the same three claims. Sims alleged a breach of contract between Sims and "all defendants." Sims amended his pleadings several more times, but his three claims against the Jacobson group stayed the same.[1]

The Jacobson group moved for summary judgment against Sims's lien foreclosure claim. The district court granted that motion at a hearing on January 18, 2011. The court reasoned that because Sims did not make the Jacobson group a party within six months of filing the lien, the group was not bound under Idaho Code section 45-510's six-month statute of limitations for lien enforcement. The district court also granted the Jacobson group summary judgment on Sims's quantum meruit claim at a February 22, 2011 hearing. Sims's attorney had filed a motion to continue that motion for summary judgment. The court denied the motion to continue at the quantum meruit hearing.

Sims timely appealed. The Jacobson group then asked the district court for costs, fees, and sanctions for defending against the breach of contract and quantum meruit claims. The Jacobson group expressly stated that they did not claim fees for Sims's lien foreclosure claim. The district court awarded the Jacobson group $608.25 in costs and $33,306 in attorney fees under Idaho Code sections 12-120(3) and 12-121. The court awarded fees under Idaho Code section 12-120(3) because it found the Jacobson group was the prevailing party in an action arising from a commercial transaction. The district court also concluded that Sims brought and pursued his action frivolously, unreasonably, and without foundation under section 12-121. The court found the Jacobson group's requested attorney fees and costs were appropriate as to charge, reasonable as to time, and necessary.

On December 7, 2012, Sims timely filed his amended notice of appeal. Sims appealed the district court's (1) grant of summary judgment on the lien foreclosure claim; (2) denial of Sims's continuance motion at the quantum meruit hearing; and (3) award of attorney fees. After Sims submitted his opening brief and the Jacobson group submitted their response, Sims filed an Idaho

---

[1] During a December 15, 2010 hearing, Sims withdrew the breach of contract claim against the Jacobson group. Despite this withdrawal, on February 22, 2011, Sims filed another motion to amend. In that proposed sixth amended complaint, Sims claimed breach of contract against the Jacobson group again. On March 1, 2011, Sims withdrew his motion to amend and his proposed sixth amended complaint.

3

Appellate Rule ("I.A.R.") 32(b) Partial Voluntary Dismissal Motion asking this Court to dismiss his lien foreclosure and continuance issues. The Jacobson group agreed that the Court could dismiss Sims's lien foreclosure and continuance issues, but asked that the Court condition that dismissal upon Sims paying the Jacobson group's fees for those issues. The Jacobson group asked for sanctions to recover fees on the lien foreclosure issue and asked for fees under Idaho Code sections 12-120(3) and 12-121 on the continuance issue. On February 13, 2014, this Court allowed Sims to withdraw those issues. However, this Court noted that "[the Jacobson group's] request for attorney fees will be addressed in the Court's opinion." This Court did not make a decision on the attorney fees issues at that time.

## II. ISSUES ON APPEAL

1. Whether the district court properly awarded reasonable attorney fees under Idaho Code sections 12-120(3) and 12-121.

2. Whether either party is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

The trial court has discretion to award attorney fees and costs; that award is subject to review for an abuse of discretion. *Magleby v. Garn*, 154 Idaho 194, 196, 296 P.3d 400, 402 (2013). When we consider whether a trial court abused its discretion, the standard is whether the court perceived the issue as discretionary, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available, and reached its decision by an exercise of reason. *Id.* at 196–97, 296 P.3d at 402–03.

## IV. ANALYSIS

Sims asserted three claims against the Jacobson group in the district court: (1) lien foreclosure; (2) breach of contract; and (3) quantum meruit. The court awarded the Jacobson group attorney fees for the breach of contract and quantum meruit issues under Idaho Code sections 12-120(3) and 12-121. Sims appealed the court's grant of summary judgment on the lien foreclosure, denial of a continuance at the quantum meruit hearing, and award of attorney fees. Under I.A.R. 32(b), Sims withdrew his appeal on the lien foreclosure and continuance issues. The remaining issue is the district court's award of attorney fees to the Jacobson group.

**A. The district court properly awarded reasonable attorney fees under Idaho Code section 12-120(3).**

The district court awarded attorney fees under Idaho Code section 12-120(3) because it found that the Jacobson group was the prevailing party in an action arising from a commercial

transaction. Whether an action is based on a commercial transaction is a question of law that this Court exercises free review over. *Intermountain Real Props., LLC v. Draw, LLC*, 155 Idaho 313, 320, 311 P.3d 734, 741 (2013).

Idaho Code section 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

A commercial transaction is defined as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3).

Sims argues that there was no commercial transaction because the lawsuit's gravamen was not a commercial transaction and was instead a statutory lien priority question. Thus, Sims essentially argues that because the gravamen of the *entire lawsuit* was not a commercial transaction, the Jacobson group cannot recover their fees for *individual claims* that were based on commercial transactions.

Sims's argument shows a misunderstanding of our past decisions about section 12-120(3). This Court has stated that Idaho Code section 12-120(3) applies when "the commercial transaction comprises the gravamen of the lawsuit." *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). However, we have interpreted that rule to require courts to consider the gravamen of each claim within the lawsuit. *Willie v. Bd. of Trs.*, 138 Idaho 131, 136, 59 P.3d 302, 307 (2002) ("When various statutory and common law claims are separable, a court should bifurcate the claims and award fees pursuant to § 12-120(3) only on the commercial transaction."); *Brooks v. Gigray Ranches, Inc.*, 128 Idaho 72, 79, 910 P.2d 744, 751 (1996) ("The allegation of a contract of the type covered in I.C. § 12-120(3) was sufficient to award fees, even though the claim was combined with other theories that would not have triggered application of the statute."). When a lawsuit has multiple claims, courts look at each individual claim to determine what statutory basis allows attorney fees recovery on that claim. *Willie*, 138 Idaho at 136, 59 P.3d at 307.

Thus, whether a party can recover attorney fees under Idaho Code section 12-120(3) depends on whether the gravamen of a claim is a commercial transaction. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 472, 36 P.3d 218, 224 (2001). In other words, courts analyze the gravamen claim by claim. *Id.*; *See also Esser Elec. v. Lost River Ballistics Techs.*,

*Inc.*, 145 Idaho 912, 921, 188 P.3d 854, 863 (2008). A gravamen is "the material or significant part of a grievance or complaint." *Merriam Webster's Collegiate Dictionary* 509 (10th ed. 1993). To determine whether the significant part of a claim is a commercial transaction, the court must analyze whether a commercial transaction (1) is integral to the claim and (2) constitutes the basis of the party's theory of recovery on that claim. *Great Plains*, 136 Idaho at 471, 36 P.3d at 223.

Here, Sims alleged three claims against the Jacobson group to recover the amount due on his 2008 contract. He claimed lien foreclosure, breach of contract, and quantum meruit. A lien foreclosure does not have a commercial transaction as its significant part because the basis of recovery is the in rem enforcement of a statutory claim. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 747, 40 P.3d 96, 105 (2002). Accordingly, attorney fees for the lien foreclosure claim are not recoverable under Idaho Code section 12-120(3). However, the district court in this case did not award fees for the lien foreclosure claim because the Jacobson group requested attorney fees only for the breach of contract and quantum meruit claims.

Breach of contract and quantum meruit are different claims that Sims presented as alternatives to the lien foreclosure claim. Thus, the district court needed to evaluate section 12-120(3)'s applicability to these claims separately. The district court did this, holding that these claims were based on a commercial transaction. This conclusion was correct because "when a plaintiff alleges a commercial contract exists and the defendant successfully defends by showing that the commercial contract never existed, the court awards the defendant attorney fees." *Intermountain Real Props.*, 155 Idaho at 320, 311 P.3d at 741. The Jacobson group successfully defended Sims's allegation that Sims and the Jacobson group had a contract. Therefore, the Jacobson group was entitled to attorney fees for breach of contract under section 12-120(3).

Further, Sims based his quantum meruit claim on the same commercial transaction, so the Jacobson group is entitled to attorney fees on that issue under Idaho Code section 12-120(3). Quantum meruit is not a contract claim, but "Idaho Code § 12-120(3) does not require that there be a contract between the parties before the statute is applied." *Great Plains*, 136 Idaho at 472, 36 P.3d at 224. The statute only requires a commercial transaction. *Id.* Indeed, the Court of Appeals accurately followed this language and held that a prevailing party is entitled to attorney fees under section 12-120(3) when a quasi-contract claim is an alternative to a breach of contract claim and is based on the same facts and commercial transaction as the contract claim. *Erickson v. Flynn*, 138 Idaho 430, 436–37, 64 P.3d 959, 965–66 (Ct. App. 2002). Here, Sims used

6

quantum meruit as a breach of contract claim alternative based on the same commercial transaction. Accordingly, the Jacobson group was entitled to fees under section 12-120(3).

Sims also argues the district court's award was unreasonable because the Jacobson group only should have claimed fees that related to answering the complaint, preparing summary judgment motions, and obtaining the Rule 54(b) certificate. This Court reviews how the trial court calculates attorney fees for an abuse of discretion. *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008). The district court determined the Jacobson group's fees were reasonable. The court considered the Rule 54 factors and found "nothing to indicate any of the amounts claimed were not necessary or unreasonable under the rule."

Sims provides little, if any, argument that articulates why the district court abused its discretion. We have repeatedly held that when the claim involves discretionary issues, "an award of attorney fees is proper if the appellant fails to make a cogent challenge to the judge's exercise of discretion." *J-U-B Engineers, Inc. v. Sec. Ins. Co. of Hartford*, 146 Idaho 311, 318, 193 P.3d 858, 865 (2008) (quoting *Utter v. Gibbins*, 137 Idaho 361, 367, 48 P.3d 1250, 1256 (2002)). Here, Sims's opening brief fails to make a cogent challenge to the district court's discretion. Sims makes generalized statements without record cites. The law he cites only refers to the court's general discretion to award reasonable fees. Sims did not point out the exact fees in dispute. Thus, Sims did not make a cogent individualized challenge to the court's exercise of discretion in his opening brief.

Sims's reply brief specifically takes issue with the district court's finding that the Jacobson group's fees were not related to the lien foreclosure defense. However, this is a new issue raised in Sims's reply brief. The appellant is required to identify legal issues and provide authority supporting his arguments in the opening brief. *Hogg v. Wolske*, 142 Idaho 549, 557, 130 P.3d 1087, 1095 (2006). The appellant cannot raise new issues in the reply brief. *Id.* At the district court and in his opening brief, Sims argued the fees were unreasonable because they were unrelated to the lien foreclosure claim. In his reply brief, Sims argues that the district court erred by allowing fees related to the lien foreclosure defense. These arguments are inconsistent. Because Sims did not properly raise the issue of whether the district court's fee award unreasonably included fees related to lien foreclosure and because Sims did not cogently challenge the reasonableness of the district court's award in his opening brief, we affirm the

7

district court's award of reasonable attorney fees and costs to the Jacobson group under section 12-120(3).

## B. The Jacobson group is entitled to attorney fees on appeal.

Initially, the Jacobson group requested attorney fees on appeal under Idaho Code sections 12-120(3) and 12-121. After Sims asked for an I.A.R. 32 voluntary dismissal of the lien foreclosure and continuance issues, the Jacobson group specified that they requested fees on appeal for defending both of those issues. They claimed sanctions for the lien foreclosure issue. After this Court allowed Sims to withdraw the lien foreclosure and continuance issues, we noted our decision on the appeal would address the Jacobson group's fees request. Thus, we address those fees here.

The Jacobson group acknowledged that they cannot recover attorney fees for the lien foreclosure issue on appeal. Indeed, "section 45-513 does not provide for the award of attorney fees on appeal because the legislature deleted that provision from the statute prior to adopting it." *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, 154 Idaho 626, 632, 301 P.3d 632, 638 (2012) (internal citations omitted). However, the Jacobson group contends they were entitled to sanctions on the lien foreclosure issue under I.A.R. 11.2 because Sims's presentation was "woefully deficient" and the purpose of his dismissal was to "avoid a near-certain adverse ruling."

This Court recently clarified that we construe I.A.R. 11.2 the same way as I.R.C.P. 11(a)(1) because the rules have virtually identical wording. *Flying A Ranch, Inc. v. Bd. of Cnty. Comm'rs for Fremont Cnty.*, 156 Idaho 449, 454, 328 P.3d 429, 434 (2014). We have construed both I.R.C.P. 11(a)(1) and I.A.R. 11.2 as follows:

> The attorney's or party's signature on a document constitutes two substantive certifications: (a) that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, **and** (b) that it [the document] is not interposed for any improper purpose. Both certifications must be accurate in order to comply with the rule. If either of them is not accurate, then the document would be signed in violation of the rule.

*Id*. at 453, 328 P.3d at 433 (emphasis in original) (internal citations and quotations omitted). In other words, attorney fees can be awarded as sanctions when a party or attorney violates either (a) the frivolous filings clause, or (b) the improper purpose clause. Previously we imposed sanctions under I.A.R. 11.2 only if the requesting party violated both clauses. *Fonseca v. Corral*

*Agric., Inc.*, 156 Idaho 142, 152, 321 P.3d 692, 702 (2014) ("[W]e impose sanctions under I.A.R. 11.2 only if the 'party requesting them proves: (1) the other party's arguments are not well grounded in fact, warranted by existing law, or made in good faith, and (2) the claims were brought for an improper purpose, such as unnecessary delay or increase in the costs of litigation.'"). Therefore, we have departed from the test in *Fonseca* and previous opinions. Sanctions are now awardable independently under either clause in I.A.R. 11.2.

A party becomes subject to the rule the moment they sign a notice of appeal. I.A.R. 11.2; *Flying A Ranch, Inc.*, 156 Idaho at 453, 328 P.3d at 433. There is no evidence Sims brought the appeal for an improper purpose when he signed the notice of appeal and subsequent appellate documents. The issue then becomes whether Sims's counsel believed or knew after reasonable inquiry that his appeal was not grounded in fact and not warranted by existing law or a good faith argument for the extension of existing law.

Here, Sims argued that his failure to timely comply with Idaho Code section 45-510 was because he had no notice of the Jacobson group's interests in the property. Sims argued the documents in the chain of title made him "confused" and that the policy that materialmen should get paid for their work should extend when lenders have control over payments.

While the series of documents executed and recorded between Monument Heights and the Jacobson group may have made Sims "confused," that confusion is not a legal reason to relieve Sims from Idaho Code section 45-510's six-month statute of limitations for lien enforcement. No legal authority excuses a lien claimant from Idaho Code section 45-510 when he lacks actual knowledge of each interest in the property. Further, Sims's confusion could have been cleared up had he taken the simple step of obtaining a title report or litigation guaranty from a title company. Sims's argument that materialmen should be paid is also not a reason to relieve Sims from the statute of limitations. Sims also argued that I.R.C.P. 17(d) tolled operation of Idaho Code section 45-510 and listing John and Jane Doe 1–100 gave everyone adequate notice. Rule 17 is a procedural rule that cannot trump the statute of limitations required in a substantive statutory law. When Sims's attorney signed the notice of appeal and his appellate brief, he should have known after reasonable inquiry that the appeal had no basis in law or fact and was not warranted by a good faith extension of the existing law. Thus, the Jacobson group is entitled to sanctions for the lien foreclosure issue.

The Jacobson group claims they are entitled to fees on appeal under Idaho Code section 12-120(3) for defending the continuance and attorney fees issues because those issues arose from a commercial transaction. As discussed, the district court based its attorney fees award on an alleged commercial transaction. The continuance was a procedural claim within Sims's quantum meruit claim, which was also the result of an alleged commercial transaction. Idaho Code section 12–120(3) generally mandates an award of attorney fees to the prevailing party on appeal as well as at trial. *Bott v. Idaho State Bldg. Auth.*, 122 Idaho 471, 481, 835 P.2d 1282, 1292 (1992). We therefore award the Jacobson group their attorney fees and costs for defending the attorney fee and quantum meruit continuance issues on appeal. Because Sims never withdrew the attorney fees issue, the Jacobson group recovers fees for that issue from the time Sims filed the notice of appeal until this decision. However, we limit the Jacobson group's fees for the quantum meruit continuance issue to those incurred in defending the appeal until February 13, 2014—the date the court allowed Sims to withdraw that issue.

## V. CONCLUSION

We affirm the district court's grant of attorney fees and costs. We award the Jacobson group sanctions and attorney fees on appeal as set forth above. Costs to the Jacobson group.

Justices EISMANN, J. JONES, HORTON and WALTERS, J., Pro tem, CONCUR.

10