IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 42018

IDAHO TRANSPORTATION
DEPARTMENT,

    Plaintiff-Appellant,

v.

ASCORP, INC., d/b/a DEBCO
CONSTRUCTION,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2015,Term

2015 Opinion No.  94

Filed: September 25, 2015

Stephen W. Kenyon, Clerk.

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

District court's Order awarding attorney fees under Idaho Code section 12-120(3) to the prevailing party in a commercial transaction, <u>affirmed.</u>

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for appellant.  Gary Luke, Deputy Attorney General argued.

Blewett & Mushlitz, LLP, Lewiston, attorneys for respondent.  Ron Blewitt argued.

_____

WALTERS, J. *pro tem*

This is an appeal from an order of the district court awarding attorney fees to Ascorp, Inc. d/b/a Debco Construction (Debco) against the Idaho Transportation Department (ITD) in a declaratory judgment action filed by ITD to determine rights of the parties with respect to a contract for highway construction services on a project in Twin Falls, Idaho.  The district court dismissed the action upon Debco's motion under Idaho Rule of Civil Procedure 12(b)(6) and awarded attorney fees to Debco under Idaho Code section 12-120(3).  On appeal ITD argues that the district court erred in determining that the declaratory judgment action qualified as a dispute involving a commercial transaction required for the application of Idaho Code section 12-120(3). We affirm the order of the district court.

# I. FACTUAL AND PROCEDURAL BACKGROUND

While somewhat convoluted in its background, this appeal stems from a dispute over amounts due and owing under a state highway contract. Debco Construction and ITD entered into a contract whereby Debco agreed to provide construction services on a state highway project in Twin Falls, Idaho, known as the Washington Street Project. The contract included a process (Specifications) for adjustment of the construction price and contained provisions covering alternative dispute resolution, a review process for all claims arising under the contract, and a binding arbitration clause. The interplay of these Specifications was at the core of the dispute underlying this lawsuit. During the course of the construction project at issue, ITD agreed to certain adjustments that increased the amount paid to Debco. In addition to these already-paid increases, Debco asserted that approximately $3,000,000 was due and owing to Debco. This action as originally filed centered on how Debco attempted to collect these additional amounts.

Under the terms of the Specifications, ITD had the opportunity to resolve all claims by way of a claims review process prior to being subjected to binding arbitration. The review process, titled "Administrative Process," required submission of any claim to ITD's engineers. Debco filed a claim with ITD seeking payment of an additional $3,120,982.74.[1] This constituted the start of the claims review process outlined in the Specifications. One day later, however, Debco filed an arbitration demand with the American Arbitration Association (AAA), the entity identified in the Specifications. So as to avoid any waiver in the AAA proceedings, ITD responded to the arbitration demand and also filed a motion with AAA to stay the proceedings pending exhaustion of ITD's claims review process. Debco opposed ITD's motion to stay, and AAA denied ITD's motion by email notice to counsel for both parties. The assigned arbitrator stated, "Absent mutual agreement or court order, [AAA] shall proceed with the administration of this matter."

In response to Debco's resort to arbitration, ITD commenced the instant action in district court for declaratory and injunctive relief to enforce the contract's claims review provision. ITD alleged that Debco had failed to exhaust the claims process outlined in the Specifications prior to demanding arbitration. ITD asserted the provision in the construction contract required Debco to

---

[1] It is worth noting that prior to the filing of this formal claim with ITD and prior to the initiation of this action in district court, the parties submitted the dispute to both an independent technical expert and an independent dispute review board for review, analysis, and a non-binding recommendation, as permitted under the contract. Both the technical expert and review board found in Debco's favor.

2

submit all claims to ITD's engineers before invoking the arbitration clause, compelling Debco to exhaust the claims process prior to pursuing a binding arbitration covering the claim. Debco thereafter moved to dismiss the complaint, arguing that questions of procedural arbitrability were matters for arbitrators to decide.

While Debco's motion to dismiss was pending before the district court, AAA scheduled a preliminary arbitration hearing and requested initial payment from the parties on or before the scheduled hearing. Based on this pending hearing and AAA's request for initial payment, ITD filed motions with the district court seeking a temporary restraining order (TRO) and a preliminary injunction to enjoin the arbitration proceedings. The next day, Debco filed an opposition to ITD's request for temporary and injunctive relief on grounds that Debco had paid both parties' initial AAA fees. At a telephonic conference, the district court denied ITD's motion for a TRO reasoning that Debco's payment of the AAA fees removed the pending harm to ITD.

AAA held a preliminary arbitration hearing. Based on ITD's request for more time to administer its claims process, the arbitration panel refused to schedule a full arbitration hearing on the merits of Debco's claim. Given the extension granted by AAA, ITD withdrew its motion seeking a preliminary injunction. The district court subsequently held a hearing on Debco's motion to dismiss ITD's complaint. At the conclusion of the hearing, the court ruled from the bench, granting the motion and dismissing ITD's complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6) based on its interpretation of this Court's decision in *Storey Construction, Inc. v. Hanks*, 148 Idaho 401, 224 P.3d 468 (2009). The district court issued a written order memorializing its oral ruling and entered a separate judgment in Debco's favor on all claims asserted against Debco in ITD's complaint.[2] Debco sought an award for costs and attorney fees. Over ITD's objection, the court awarded Debco approximately $25,000 in attorney fees and costs.

ITD appealed the district court's dismissal of its complaint, as well as the award of attorney fees and costs to Debco. After the case was set for argument before this Court, counsel for ITD filed a notice of settlement and memorandum agreement in mediation advising of the "full and final settlement and resolution of all claims of any nature whatsoever arising out of their contractual relationship on the Washington Street Project." The agreement recited that the

---

[2] Because the parties ultimately reached a settlement with regard to the sums due to Debco, we need not address the correctness of the district court's interpretation of *Storey Construction.*

settlement "does not affect the pending Supreme Court appeal (Idaho)." Based on this filing, this Court vacated the scheduled argument and conditionally dismissed the appeal. In response, Debco moved for this Court to reinstate the appeal so as to allow argument on the issue of attorney fees, which was encompassed by the appeal. This Court reset the matter for argument on the issue of attorney fees only.

## II. ISSUES ON APPEAL

1. Whether the district court erred in awarding attorney fees and costs to Debco.
2. Whether attorney fees and costs on appeal should be awarded.

## III. STANDARD OF REVIEW

The awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004). When we consider whether a trial court abused its discretion, the standard is whether the court perceived the issue as discretionary, acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available, and reached its decision by and exercise of reason. *Magelby v. Garn*, 154 Idaho 194, 196-97, 296 P.3d 400, 402-03 (2013). Whether an action is based on a commercial transaction is a question of law over which this Court exercises free review. *Intermountain Real Props., LLC v. Draw, LLC*, 155 Idaho 313, 320, 311 P.3d 734, 741 (2013).

## IV. ANALYSIS

### A. The district court's award of attorney fees to Debco.

Following the district court's grant of Debco's motion to dismiss ITD's complaint, Debco sought, and the district court awarded, attorney fees and costs under Idaho Code section 12-120(3). The district court found essentially that the gravamen of the suit was a commercial transaction because it "was an action brought to enforce the contractual rights of the parties under a contract, to declare those rights and to enforce them . . . ."

Idaho Code section 12-120(3) provides:

> In any civil action to recover on an open account, account stated, note, bill negotiable instrument, guaranty, or contract relating to the purchase or sale of goods wares, merchandise or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.
> The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes. The term "party" is

4

defined to mean any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

The only deficiency identified by ITD regarding the district court's fee award under section 12-120(3) was the court's finding that this proceeding was an action for relief in a commercial transaction. ITD argues its complaint was limited to a request for declaratory judgment and injunctive relief, and thus did not constitute an action to "recover" on a commercial transaction.

"Whether a district court has correctly determined that a case is based on a commercial transaction for the purpose of [Idaho Code section] 12-120(3) is a question of law over which this Court exercises free review." *Garner v. Povey*, 151 Idaho 462, 469, 259 P.3d 608, 615 (2011) (citing *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 136 Idaho 466, 470, 36 P.3d 218, 222 (2001)). Idaho Code section 12-120(3) applies when "the commercial transaction comprises the gravamen of the lawsuit." *Brower v. E.I. DuPont De Nemours & Co.,* 117 Idaho 780, 784, 792 P.2d 345, 349 (1990). A gravamen is the material or significant part of the grievance or complaint. *Sims v. Jacobson*, 157 Idaho 980, 985, 342 P.3d 907, 912 (2015), quoting *Merriam Webster's Collegiate Dictionary* 509 (10th ed. 1993). This Court has previously held that the mere fact an action is brought as a declaratory judgment action does not preclude the application of Idaho Code section 12-120(3) to a case where the gravamen is a commercial transaction. *Freiburger v. J-U-B Engineers, Inc.*, 141 Idaho 415, 424, 111 P.3d 100, 109 (2005). Rather, "[w]here a party alleges the existence of a contractual relationship of a type embraced by section 12-20(3), ... that claim triggers the application of the statute." *Continental Cas. Co. v. Brady*, 127 Idaho 830, 835, 907 P.2d 807, 812 (1995).

Here, ITD's declaratory and injunctive action was based upon the enforceability of a covenant contained in a highway construction contract vis-à-vis resorting to arbitration without first exhausting a review process specified in the contractual provisions. A highway construction contract clearly qualifies as a commercial transaction; it is not a transaction for personal or household purposes. The plain language of Idaho Code section 12-120(3) referencing "and in any commercial transaction" does not require the element of recovery or collection of a debt. An action for interpretation or enforcement of provisions of a commercial transaction relationship or declaration of rights therein falls within the statute.

5

We hold that the district court did not err in determining that the gravamen of ITD's declaratory judgment action seeking enforcement of contractual provisions concerned a commercial transaction for the purpose of section 12-120(3). Accordingly, the district court's award of attorney fees and costs to Debco under Idaho Code section 12-120(3) is affirmed.

**B.      Attorney fees and costs on appeal.**

On appeal, Debco requests attorney fees on three grounds: Idaho Code section 12-120(3), section 12-117, and section 12-121. Given the affirmation of the district court's award pursuant to Idaho Code section 12-120(3), Debco has prevailed and therefore is entitled to an award of attorney fees and costs on appeal, under the same section. When a party prevails at both trial and on appeal, and that party received an award of attorney fees under Idaho Code section 12-120(3) at the trial level and the award is affirmed on appeal, that party is also entitled to an award of attorney fees for the appeal pursuant to Idaho Code section 12-120(3). *Freiburger*, 141 Idaho at 424, 111 P.3d at 109. Because the award of attorney fees on appeal is premised on Idaho Code section 12-120(3), we need not address whether such an award may also be made under sections 12-117 or 12-121.

## V. CONCLUSION

The district court's award of attorney fees and costs pursuant to Idaho Code section 12-120(3) is affirmed. Attorney fees on appeal under Idaho Code section 12-120(3) are awarded to Debco, together with its costs, as the prevailing party on appeal.

Chief Justice J. JONES, Justices EISMANN, BURDICK and HORTON CONCUR.