**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48592**

KAREN ANDREA QUINN,

       Petitioner-Respondent,

v.

ROGER ADRIAN QUINN,

       Respondent-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**Filed:  December 14, 2021**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge.  Hon. Annie O. McDevitt, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of child custody, <u>affirmed</u>.

Roger Adrian Quinn, Boise, pro se appellant.

M. Sean Breen and Ashley R. Marelius of Breen, Ball & Marelius, PLLC, Boise, for respondent.

_____

LORELLO, Judge

      Roger Adrian Quinn appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming a judgment of child custody.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

      Roger and Karen Andrea Quinn are the parents of the minor child in this action.  Prior to the child custody trial, Roger's brother attacked Karen, beating her in the head repeatedly with a metal bar despite the child's attempts to push Roger's brother away.  As a result of the attack, Karen was hospitalized for five days.  Following the child custody trial, the magistrate court found that "Roger was directly involved in his brother's attempt to kill Karen."  The magistrate court entered judgment awarding sole legal and physical custody of the child to Karen and prohibiting Roger from contacting the child.

1

Roger appealed to the district court, asserting that his due process and equal protection rights were violated, that the magistrate court abused its discretion in granting sole legal and physical custody of the child to Karen, and that the magistrate court's factual findings were clearly erroneous. The district court affirmed the magistrate court's judgment. Roger again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Roger asserts his due process and equal protection rights were violated. Specifically, Roger claims that he was not afforded a hearing "to determine the fitness of both parents" and that he was treated differently because of his gender. Karen responds that Roger failed to support his arguments with legal authority and that, in any event, he has not shown a due process violation.[1] We affirm.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* On intermediate appeal, the district court declined to consider Roger's

---

[1]     Karen also argues that the magistrate court did not abuse its discretion in granting Karen sole legal and physical custody of the child. We do not interpret Roger's appellate briefing as challenging that exercise of discretion. Notably, Roger's opening brief does not mention the standard of review for discretionary decisions and does not discuss the findings of fact or conclusions of law contained in the magistrate court's decision.

argument that his due process and equal protection rights were violated because Roger failed to cite "authority in his brief for his contention." A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, Roger waived consideration of his constitutional issues before the district court. On appeal to this Court, Roger fails to argue that the district court erred in declining to consider his constitutional issues, thereby waiving our consideration of whether the district court erred in so doing.

The district court also declined to consider Roger's constitutional issues because he did "not make specific reference to any legal error." A party fails to preserve an issue if the party makes a general attack on the findings and conclusions of the trial court without specific reference to evidentiary or legal errors. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Again, on appeal to this Court, Roger has not argued that the district court erred in concluding that he failed to preserve his constitutional issues, waiving our consideration of whether the district court erred in this conclusion. *See Powell*, 130 Idaho at 128, 937 P.2d at 440. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Roger's failure to preserve his constitutional issues provides a second basis for this Court to not consider them.

Even if we disregarded the district court's bases for not considering his constitutional issues, Roger's appellate briefing contains deficiencies that independently prevent our consideration of the same issues. First, Roger's opening brief to this Court provides no citation to relevant legal authority supporting his alleged constitutional violations.[2] Instead, Roger attaches a document titled "Case Laws" to his brief, which contains quotations from opinions ranging from *Marbury v. Madison*, 5 U.S. 137 (1803) to *Griswold v. Connecticut*, 381 U.S. 479 (1965) and *Miranda v. Arizona*, 384 U.S. 436 (1966). Although Roger intersperses the quotations with his commentary, he fails to offer sufficiently cogent argument connecting the court opinions to the issues decided by the district court or magistrate court. Generally, we will not consider an issue that is not supported by cogent argument or authority. *Bettwieser v. New York Irrigation Dist.*,

---

[2]     In his conclusion, Roger appears to ask for relief under I.R.C.P. 60, but that rule has no relevance to his constitutional arguments.

3

154 Idaho 317, 323, 297 P.3d 1134, 1140 (2013). Second, Roger fails to provide citations to the record. Conclusory allegations and assertions of fact, without citation to the record below, are not sufficient to support an argument on appeal. I.A.R. 35(a)(6); *Woods v. Sanders*, 150 Idaho 53, 58, 244 P.3d 197, 202 (2010). Consequently, Roger has failed to show that the district court erred in affirming the magistrate court's judgment.

Next, we address Karen's request on appeal for costs under I.A.R. 40 and I.R.F.L.P. 901 and for attorney fees under I.C. §§ 12-120, 12-121; I.A.R. 35(b)(5), 41; and I.R.F.L.P. 908.[3] Karen is the prevailing party and, thus, is entitled to costs under I.A.R. 40(a). Costs and attorney fees under the Idaho Rules of Family Law Procedure are not available on appeal because those rules "govern the procedure in the magistrate's division of the district court in the State of Idaho," not appeals. I.R.F.L.P. 101; *see also State, Dep't of Health & Welfare v. Slane*, 155 Idaho 274, 279, 311 P.3d 286, 291 (2013) (holding that I.R.C.P. 54(e)--the rule of civil procedure analogous to I.R.F.L.P. 902--is inapplicable to attorney fees incurred on appeal). In addition, attorney fees are not available under I.C. § 12-120 because this action does not concern a matter where the amount pleaded is $35,000 or less, a commercial transaction, a personal injury claim, or a case in small claims court. Further, I.A.R. 35(b)(5) does not provide a substantive right to attorney fees but, instead, requires an appellant seeking attorney fees to "indicate in the division of issues on appeal that appellant is claiming attorney fees and state the basis for the claim." An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the appellate court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Although Karen cites to I.C. § 12-121, she advances no argument explaining why Roger's appeal was frivolous, unreasonable, or without foundation. Consequently, Karen has failed to show that she is entitled to attorney fees on appeal. *See Bailey v. Bailey*, 153 Idaho 526, 532, 284 P.3d 970, 976 (2012) (declining to award attorney fees because parties failed to provide argument that I.C. § 12-121 was satisfied).

This Court, however, may award attorney fees on its own motion as a sanction against a party for filing a frivolous appeal. I.A.R. 11.2(a); *Bergeman v. Select Portfolio Servicing*, 164

---

[3]    We note that I.R.F.L.P. 908 was renumbered as I.R.F.L.P. 902 thirteen days before Karen filed her response brief to this Court. Thus, at the time of Karen's filing, I.R.F.L.P. 908 did not exist.

Idaho 498, 503, 432 P.3d 47, 52 (2018). Sanctions are appropriate under I.A.R. 11.2(a) "when a party or attorney violates either (a) the frivolous filings clause, or (b) the improper purpose clause." *Sims v. Jacobson*, 157 Idaho 980, 987, 342 P.3d 907, 914 (2015). In interpreting the frivolous filings clause in I.A.R. 11.2(a), we look to opinions applying I.C. § 12-121 for guidance. *Bergeman*, 164 Idaho at 503, 432 P.3d at 52. Roger failed to address the reasons the district court declined to consider his due process and equal protection arguments, failed to provide cogent argument, and did not provide citations to the record, rendering Roger's appeal frivolous. *See Alpha Mortg. Fund II v. Drinkard*, ___ Idaho ___, ___, 497 P.3d 200, 207-08 (2021) (sanctioning appellants' counsel by an award of attorney fees under I.A.R. 11.2 because, among other things, the briefing gave "little in the way of legal argument or authority" and "fail[ed] to include appropriate citations to the record or a comprehensible argument," but, instead, "[l]arge swaths of the [briefing was] merely block-quoted statutes or lengthy sections of cases with little attempt at a cogent argument explaining the applicability to the facts of the case"); *MacLeod v. Reed*, 126 Idaho 669, 671, 889 P.2d 103, 105 (Ct. App. 1995) (awarding attorney fees under appellate rules as a sanction against appellant's counsel because counsel failed to challenge alternative basis for trial court's decision, making the "the appeal as presented unwarranted by existing law"); *see also Smith v. Smith*, 164 Idaho 46, 53, 423 P.3d 998, 1005 (2018) (finding appeal was frivolous under I.C. § 12-121 due to appellant's lack of cogent argument and failure to file a timely appeal); *Andrus v. Nicholson*, 145 Idaho 774, 779, 186 P.3d 630, 635 (2008) (awarding attorney fees under I.C. § 12-121 because appellants "did not address on appeal the grounds upon which the district court granted the [respondents'] motion for summary judgment"). Thus, we conclude it is appropriate to sanction Roger by awarding Karen her attorney fees incurred on appeal to this Court.

## IV.

## CONCLUSION

Roger has failed to show that the district court erred in affirming the magistrate court's judgment. Accordingly, the district court's decision, on intermediate appeal from the magistrate court, affirming the judgment of child custody, is affirmed. Costs and attorney fees on appeal are awarded to Karen.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.