# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 39264

| | | |
|---|---|---|
| CHRISTOPHER J. and JILL MAGLEBY, dba SELECTIVE BUILDERS, | ) ) ) | Boise, November 2012 Term |
| Plaintiffs-Appellants, | ) ) | 2013 Opinion No. 29 |
| v. | ) ) | Filed: February 26, 2013 |
| KEVIN and TANYA GARN; IDAHO TRADEMARK PROPERTIES, LLC.; JENKS BROTHERS, INC., | ) ) ) ) | Stephen Kenyon, Clerk |
| Defendants-Respondents. | ) ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Fremont County. Hon. Darren B. Simpson, District Judge.

The judgments of the district court as they relate to attorney fees are <u>vacated</u> and the case is <u>remanded</u> to the district court for proceedings consistent with this opinion.

David A. Johnson, P.A., Idaho Falls, for appellants.

Simpson & Gauchay, Idaho Falls, for respondents.

---

ON THE BRIEFS

HORTON, Justice.

This appeal relates to attorney fees incurred in litigation arising from a construction contract for a custom cabin in Island Park, Idaho. There are two issues in this case: first, whether the district court erred in holding that the Maglebys were entitled to recover only $2,500 from defaulting parties by operation of I.R.C.P. 54(e)(4); and second, whether the district court erred in its decision regarding the Maglebys' entitlement to post-judgment attorney fees. We vacate the judgments of the district court as they relate to attorney fees and remand for further proceedings consistent with this opinion.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Christopher and Jill Magleby entered into a contract with Idaho Trademark Properties, LLC (ITP) and Jenks Brothers, Inc. (Jenks) to manage the construction of a cabin that ITP and Jenks were building.[1] Jill Magleby was also hired to oversee the interior design of the cabin. Before its completion, the cabin was sold to Kevin and Tanya Garn. The Garns consulted with the Maglebys, ITP, and Jenks regarding the interior design as well as upgrading some of the materials used in the home. A dispute arose between the Maglebys and ITP/Jenks over how much the Maglebys were owed, and the Maglebys were not paid for their work. As a result, they filed a materialmen's lien against the cabin. They subsequently initiated the present action, asserting three causes of action: (1) lien foreclosure; (2) breach of contract against ITP and Jenks; and (3) unjust enrichment. In their complaint, the Maglebys specifically pled that "[t]he transaction between ITP, Jenks, and Maglebys was a commercial transaction." As to attorney fees, the Maglebys claimed they were entitled to "attorney's fees and Court costs of $2,500.00, pursuant to Idaho Code §§ 12-120 and 45-513, if uncontested further. If contested, the amount of attorney fees and Court costs awarded should be the actual cost of attorney fees and Court costs."

Each named defendant answered the complaint and denied that the Maglebys were entitled to relief. Almost two years of litigation ensued before the attorney for ITP and Jenks successfully moved to withdraw. After no new attorney appeared, the district court entered default judgment against ITP and Jenks. Despite the Maglebys' submission of a cost memorandum demonstrating that they had incurred $14,904 in attorney fees in connection with the litigation against ITP and Jenks, the district court entered judgment against ITP and Jenks for $34,342.00, which included court costs and only $2,500 in attorney fees.

The Maglebys filed a motion to reconsider or alter or amend the judgment, in which they argued that because substantial litigation had taken place and substantial attorney fees had been incurred, they were entitled to recover the attorney fees actually incurred in the litigation against ITP and Jenks, rather than the $2,500 pleaded in the event of an uncontested default judgment. This motion specifically identified I.C. §§ 12-120(1) and 12-120(3) as bases for the award of attorney fees. A new attorney appeared on behalf of ITP to contest the Maglebys' motion. After hearing, the district court determined that I.R.C.P. 54(e)(4) prohibited an award of attorney fees

---

[1] Although their names remain in the caption, ITP and Jenks have not appeared in this appeal. The Garns gratuitously advanced arguments on behalf of ITP and Jenks in their brief. Those arguments will not be addressed in this opinion.

against ITP and Jenks in excess of $2,500 and denied the motion. The Maglebys then moved to have the default judgment set aside. This motion was also denied.

The Maglebys initiated proceedings to execute on their judgment by sale of the property. Shortly before the scheduled foreclosure sale, Wells Fargo — a stranger to the litigation — requested a temporary restraining order to stop the sale. The Garns subsequently tendered the amount of the default judgment, and the Maglebys cancelled the foreclosure sale. Pursuant to I.C. §§ 45-513 and 12-120(5), the Maglebys then brought a motion to collect post-judgment attorney fees of $6,802.69 they had incurred in their efforts to collect on the judgment. The district court concluded that the Maglebys were not entitled to recover attorney fees from ITP and Jenks under I.C. § 12-120(5), but that they were permitted to recover attorney fees from the Garns pursuant to I.C. § 45-513. The district court then awarded the Maglebys $990.00 in attorney fees, holding that the attorney fees incurred in response to Wells Fargo's efforts to derail the foreclosure proceedings could not be recovered, reasoning that the Maglebys were entitled to recover only those attorney fees incurred in collection efforts directly related to the Garns.

The Maglebys timely appealed. Both the Maglebys and the Garns request attorney fees on appeal.

## II. STANDARD OF REVIEW

Awarding attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion. *Smith v. Mitton*, 140 Idaho 893, 897, 104 P.3d 367, 371 (2004). When this Court considers whether a trial court has abused its discretion, "the standard is 'whether the court perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason.'" *Bailey v. Bailey*, 153 Idaho 526, ___, 284 P.3d 970, 973 (2012) (quoting *Read v. Harvey,* 147 Idaho 364, 369, 209 P.3d 661, 666 (2009)).

## III. ANALYSIS

We first consider the district court's determination that the Maglebys could not recover in excess of $2,500 in attorney fees by way of a default judgment. We then consider the district court's decision regarding the Maglebys' entitlement to post-judgment attorney fees.

**A. I.R.C.P. 54(e)(4) does not limit the Maglebys' attorney fees to the $2,500 pled in the complaint in the event that the defendants did not contest the action.**

As previously noted, the Maglebys' complaint requested "attorney's fees and Court costs of $2,500.00, pursuant to Idaho Code §§ 12-120 and 45-513, if uncontested further. If contested, the amount of attorney fees and Court costs awarded should be the actual cost of attorney fees and Court costs." Despite the protracted litigation that occurred prior to the district court's entry of default judgment, the district court determined that I.R.C.P. 54(e)(4) prohibited it from awarding attorney fees in excess of $2,500. Thus, the district court restricted the award of attorney fees against ITP and Jenks to that amount.

I.R.C.P. 54(e)(4) provides that attorney fees "shall not be awarded unless the prayer for relief in the complaint states that the party is seeking attorney fees and the dollar amount thereof in the case judgment is entered by default." It continues, stating that any award in case of a default judgment "shall not exceed the amount prayed for in the complaint. Any award of attorney fees pursuant to I.C. Section 12-120, in default judgments in which the defendant has not appeared shall not exceed the amount of the judgment for the claim, exclusive of costs." This Court has stated that the rule acts to "set out a different requirement for judgments by default— that the fee statute (other than section 12–121) or contract provision and amount of any fee award sought be specifically stated in the prayer of the complaint as a precondition to obtaining fees in a judgment by default." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 720, 117 P.3d 130, 134 (2005). The purpose of this requirement is to put the defending party on notice of its full potential liability should it decide not to defend the lawsuit. *See Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 40 (1st Cir. 2012).

There are two situations in which the default attorney fees provision of I.R.C.P. 54(e)(4) may be implicated. The most common situation is when the defendant does not appear or defend. In that event, a specific dollar figure is required, and the trial court may not award a greater sum than the plaintiff has specifically requested. The less common situation is that which is presented by the case before us. In this situation, the defendant appears and defends, thus forcing the plaintiff to incur additional attorney fees, but default judgment is eventually entered. This situation may arise, as in the present case, when an attorney is permitted to withdraw and no further appearance is forthcoming, *see* I.R.C.P. 11(b)(3), or default judgment may be entered as a sanction for violation of court orders, s*ee* I.R.C.P. 37(b)(2)(C); 37(e). In those cases in which the defendant has appeared and defended, only later to be the subject of a default judgment, at the time the complaint is filed the plaintiff is unable to meaningfully assign a number to the

4

requested attorney fees to be entered in the event of default, as the amount of reasonable attorney fees is necessarily dependent upon future, unknown events, i.e., the extent to which additional services by plaintiff's counsel are required to respond to the defense of the lawsuit.

In the present case, the Maglebys' complaint was as specific as it possibly could be, explicitly addressing both sets of circumstances in which default could be entered. The Maglebys requested $2,500 in attorney fees in the event the defendants did not contest their lawsuit and they requested the actual amount of attorney fees incurred in the event that the defendants elected to defend against the lawsuit. The complaint reflects an appropriate methodology for careful practitioners, specifying both the specific dollar amount sought if default judgment is entered without an appearance and notifying the defendants that the actual costs of litigation will be sought if they actively contest the lawsuit. This method comports both with the language of Rule 54(e)(4) and its underlying purpose of notifying the defendants of the extent of their potential liability for attorney fees.

The district court's decision, limiting the Maglebys to $2,500, is inconsistent with the purpose of the rule, which is to place a defaulting party on notice of its exposure to a potential award of attorney fees in the event of default. The decision is also inconsistent with the literal language of the rule. The Maglebys' complaint explicitly recognized the possibility that default judgment could be entered after the action was contested. In that event, the Maglebys asked for an award equaling "the actual cost of attorney fees and Court costs." This request fulfilled the requirement that the Maglebys' identify "the dollar amount thereof in the case judgment is entered by default." Although the district court understandably interpreted the rule as requiring assignment of a number to "the dollar amount," the rule does not explicitly require the complaint to specify a fixed figure. Rather, "the dollar amount" requirement was satisfied by the Maglebys' demand for "the actual cost of attorney's fees." As the district court erroneously concluded that its discretion was bounded by the $2,500 figure, we reverse the order of the district court limiting the Maglebys' attorney fees against ITP and Jenks to $2,500 and we remand to the district court with instructions to make a determination regarding the Maglebys' reasonable attorney fees incurred prior to entry of the default judgment.[2]

---

[2] Because we find in favor of the Maglebys on this issue, we need not address their alternative claim that the district court erred by denying their motion to set aside the default judgment.

5

**B. The Maglebys are entitled to recover reasonable post-judgment attorney fees pursuant to I.C. § 12-120(5) from ITP and Jenks.**

After the Maglebys cancelled the foreclosure sale, they sought to recover attorney fees that they had incurred in their efforts to collect on the judgment. They requested $6,802.69. The district court awarded the Maglebys $990.00 as against the Garns, but refused to award additional attorney fees against ITP or Jenks. The Maglebys argue that the district court abused its discretion by failing to recognize I.C. § 12-120(5) authorized recovery of their post-judgment attorney fees from ITP and Jenks and failing to assess adequate attorney fees against the Garns. We consider these claims in turn.

1. The Maglebys are entitled to an award of post-judgment attorney fees against ITP and Jenks pursuant to I.C. § 12-120(5).

The district court's analysis of the Maglebys' claim for post-judgment attorney fees was succinct, if not terse:

> The Maglebys are not entitled to rely upon Idaho Code §12-120(5) as authority for post-judgment attorney fees. Idaho Code § 12-120(5) is predicated upon a previous fee award under Idaho Code § 12-120(1),(2),(3), or (4). The Maglebys recovered attorney fees from the Garns under Idaho Code § 45-513. The Maglebys recovered attorney fees against ITP by default. The *Default Judgment*, prepared by counsel for the Maglebys, does not cite the statutory authority under which such attorney fees were granted.

(footnotes omitted). In this appeal, the Maglebys do not challenge the district court's determination that I.C. § 12-120(5) is not an avenue for recovering post-judgment attorney fees from the Garns. They do, however, challenge the district court's conclusion that post-judgment fees under the statute are only available if the underlying judgment recites the statutory basis for an award of attorney fees, thus barring recovery from ITP and Jenks.

Idaho Code § 12-120(5) provides:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

The statute does not require that the judgment recite the specific code section under which attorney fees were originally awarded, nor has this Court ever imposed such a requirement. This Court has not required parties to identify the specific subsection of I.C. § 12-120 under which

6

attorney fees are sought when the applicable provision has been clearly identified. *Eighteen Mile Ranch*, 141 Idaho at 720, 117 P.3d at 134. Thus, the appropriate inquiry is whether the Maglebys were entitled to recover attorney fees under one of the enumerated subsections of I.C. § 12-120 at the time of the entry of judgment against ITP and Jenks. The Maglebys specifically pled that the action arose from a commercial transaction. It is evident that the transaction between the Maglebys and ITP and Jenks, involving rendition of professional services in connection with construction of a cabin for sale to another, was a commercial transaction and that the original award of attorney fees under the default judgment was authorized by I.C. § 12-120(3). We hold that the district court erred in its determination that the Maglebys were not entitled to recover reasonable post-judgment attorney fees incurred in attempting to collect on their judgment.

    2.  <u>The district court's award of $990 in attorney fees is vacated and the district court is directed to determine the amount of reasonable post-judgment attorney fees incurred in pursuing foreclosure of the lien</u>.

The district court awarded the Maglebys post-judgment attorney fees as against the Garns pursuant to I.C. § 45-513. The Garns have objected to this award in their brief, but as they have not cross-appealed the district court's decision, this claim is not properly before us.[3] The district court limited the Maglebys' award to $990, reasoning as follows:

> The collection efforts made upon the Maglebys' behalf, which concern foreclosure of the Garns' Property, have been relatively simple. Following receipt of the *Judgment*, the Maglebys' attorney, David Johnson (hereinafter "Johnson"), prepared a debtor's packet with instructions to the Sheriff and to staff. Johnson prepared affidavits calculating interest on the *Judgment*. An issue regarding non-party Wells-Fargo's claim to the Property arose, but Johnson's time spent negotiating with Wells-Fargo and preparing to defend against Wells-Fargo's temporary restraining order was not related to any action, claim, or defense by the Garns. Prior to the Sheriff's Sale, the Garns paid the entire amount of the *Judgment*, and the Sheriff's Sale was cancelled.
>
> Based upon the record, Johnson's request for post-judgment attorney fees of 32.2 hours incurred both pre- and post-judgment, together with his time spent on the Wells-Fargo issue, is excessive.

---

[3] The Garns' argument regarding post-judgment attorney fees extrapolates from our decisions holding that attorney fees are not available on appeal pursuant to I.C. § 45-513. *See, e.g., Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 933, 277 P.3d 374, 380 (2012). If this issue were properly before us, this Court would not be inclined to adopt the Garns' position.

This Court has stated that "Idaho Code § 45-513 provides for the award of costs and reasonable attorney fees in the foreclosure of materialman's liens." *Franklin Bldg. Supply Co. v. Sumpter*, 139 Idaho 846, 852, 87 P.3d 955, 961 (2004). Thus, under § 45-513, costs associated with foreclosing on a materialmen's lien are recoverable, while attorney fees on appeal are not. *Id*. This Court has emphasized that the award of attorney fees, as well as the costs of filing and recording the materialmen's lien, are "incidental to the foreclosure of a lien pursuant to I.C. § 45-513." *Elec. Wholesale Supply Co., Inc. v. Nielson,* 136 Idaho 814, 823, 41 P.3d 242, 251 (2001).

We can find no error in the district court's refusal to award attorney fees against the Garns that were incurred prior to the entry of the Judgment, Decree of Foreclosure and Order of Sale, inasmuch as those issues were resolved by way of settlement between the parties. However, we conclude that the district court erred by improperly restricting the Maglebys' ability to recover reasonable attorney fees in connection with their efforts to secure the sale of the property to satisfy their judgment.

We do so because the district court's conclusion was not consistent with applicable legal standards. The district court's focus on the Garns' conduct in limiting the award of attorney fees was misplaced. The materialmen's lien is the mechanism by which the judgment against ITP and Jenks was to be satisfied. Until the judgment was satisfied, I.C. § 45-513 mandated that the Maglebys recover reasonable attorney fees "incidental to the foreclosure" of that lien. The identity of the party (or in this case, a non-party) causing the materialman to incur additional expense is not relevant to the inquiry. The inquiry under I.C. § 45-513 consists of two questions: (1) Are the fees and costs reasonable? and (2) Were the costs and fees incidental to the foreclosure of the lien? To the extent that the Maglebys reasonably incurred costs and attorney fees in in the course of foreclosing on the lien, including those associated with staving off Wells Fargo's efforts to interfere with the sheriff's sale, they were entitled to recover those costs, without regard to the Garns' responsibility for those costs being incurred.

Thus, we hold the district court abused its discretion in limiting the Maglebys' post-judgment attorney fees to $990.00. We vacate the order regarding post-judgment attorney fees and remand to the district court with instructions to make a finding regarding reasonable post-judgment attorney fees incurred incidental to the lien foreclosure.

## C. Attorney Fees on Appeal

The Maglebys argue they are entitled to attorney fees on appeal against ITP and Jenks pursuant to I.C. § 12-120(3) and (5). The Garns argue they are entitled to attorney fees against the Maglebys pursuant to I.C. § 12-121.

Although ITP and Jenks have not elected to appear in this appeal, the Maglebys have prevailed on their claim that the district court erred in limiting the award of attorney fees to $2,500. As noted in Part III(B)(1), *supra*, the Maglebys' claims against ITP and Jenks arose from a commercial transaction. In *BECO Const. Co., Inc. v. J-U-B Engineers Inc.*, 149 Idaho 294, 298, 233 P.3d 1216, 1220 (2010), this Court rejected a line of authority from the Court of Appeals which "held that a party may not recover attorney fees on appeal pursuant to I.C. § 12–120 when the issue on appeal is the *amount* of attorney fees awarded by the trial court, rather than the *entitlement* to an award." *Id.* at 298, 233 P.3d at 1220 (emphasis original). Rather, this Court held that reasonable attorney fees may be awarded on appeal "in connection with the effort to secure a reasonable amount of attorney fees." *Id.* Accordingly, we award reasonable attorney fees on appeal to the Maglebys against ITP and Jenks, pursuant to I.C. § 12-120(3).[4] The Maglebys have conceded that there is no basis for an award of attorney fees on appeal against the Garns.

We deny the Garns' request for attorney fees pursuant to I.C. § 12-121 as the statute upon which they rely does not apply to this appeal.[5] As previously noted, this Court has held that I.C. § 45-513 does not authorize the award of attorney fees on appeal. *Franklin Bldg. Supply*, 139 Idaho at 852, 87 P.3d at 961 (citing *Hendrix v. Gold Ridge Mines,* 56 Idaho 326, 330, 54 P.2d 254, 258 (1936)). This is because the legislature deleted that provision from the statute prior to its adoption. *Evco Sound & Elec., Inc. v. Seaboard Sur. Co.,* 148 Idaho 357, 366, 223 P.3d 740, 749 (2009). Despite earlier suggestions to the contrary, *see, e.g., Stonebrook Const., LLC v. Chase Home Fin., LLC*, 152 Idaho 927, 933, 277 P.3d 374, 380 (2012), we have recently held that attorney fees are not available on appeal under I.C. § 12-121 in cases where I.C. § 45-513 applies. *ParkWest Homes, LLC v. Barnson*, No. 38919, 2013 WL 411354, at *6 (Idaho Feb. 4, 2013); *First Fed. Sav. Bank of Twin Falls v. Riedesel Eng'g, Inc.*, No. 38407, 2012 WL 4055357, at *6 (Idaho Sept. 14, 2012).

---

[4] The Maglebys are not entitled to an award of attorney fees against ITP and Jenks under I.C. § 12-120(5). This appeal cannot be reasonably characterized as an "attempt to collect on the judgment."

[5] The Garns' failure to prevail in this appeal would also be fatal to their request for attorney fees.

## IV. CONCLUSION

We vacate the district court's default judgment to the extent that it limited the award of attorney fees to the Maglebys to $2,500. We reverse the district court's decision that the Maglebys are not entitled to recover post-judgment attorney fees from ITP and Jenks pursuant to I.C. § 12-120(5). We remand to the district court to make a determination regarding the amount of reasonable attorney fees the Maglebys are entitled to recover from ITP and Jenks. We also vacate the award of attorney fees to the Maglebys against the Garns and remand for a determination of a reasonable amount of attorney fees incurred incidental to the foreclosure of the Maglebys' materialmen's lien, pursuant to I.C. § 45-513. We award attorney fees on appeal to the Maglebys against ITP and Jenks. Costs on appeal are awarded to the Maglebys.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.