BRODY, Justice. This ease arises from the foreclosure of nine commercial condominium units owned by Michael R. Hulsey and SM Commercial Properties, LLC. Just prior to a sheriffs sale, SM Commercial Properties filed bankruptcy. Eventually the bankruptcy stay was lifted and the sale took place. Washington Federal bought the property with a credit bid and then asserted a deficiency against Hulsey. The district court found that Washington Federal failed to prove both the existence of a deficiency as well as the fair market value of the property. Washington Federal raises the following issues on appeal: (1) whether Hulsey is precluded (collaterally estopped) from litigating the fair market value of the property based on the bankruptcy court proceedings; and (2) whether the district court erred when it determined that Washington Federal failed to prove the existence of the deficiency and the fair market value of the property. Both parties appealed the district court’s denial of attorney’s fees, but Hulsey dismissed his cross-appeal at the time of oral argument. We affirm the district court's judgment dismissing Washington Federal’s claim for a deficiency, but vacate the district court’s judgment denying Washington Federal’s costs and attorney’s fees incurred to enforce the judgment and decree of foreclosure. I. FACTUAL AND PROCEDURAL BACKGROUND Michael Hulsey purchased nine commercial condominium units, which were located on the base floor of the Morning Star Lodge located in the Silver Mountain Resort Complex in Kellogg, Idaho, Several of the units are used by the resort for its operations. Hulsey purchased the units from Jeld-Wen, the developer, for the total purchase price of $2,378,000. He financed $1,360,000 of the purchase price through Washington Federal’s predecessor-in-interest bank. The commercial loan was made to Hulsey individually and was secured by a deed of trust on the units and an assignment of rents. After the units were completed, Hulsey attempted to sell the nine units as a single package, but he was unsuccessful. In 2008, the real estate market’s downturn made it difficult for Hulsey to maintain tenants in some of the units. Hulsey transferred title to the nine units to his wholly owned limited liability company, SM Commercial Properties. Although he transferred title to the units, Hulsey remained liable on the loan because he was the original borrower. During this time, the original lender merged with Washington Federal. Under the terns of the promissory note, the entire amount due and owing matured on September 5, 2012. After the loan matured, Washington Federal granted Hulsey time to continue to attempt to sell the units to satisfy the loan. Hulsey continued to make voluntary interest payments, and at the end of 2013, the balance owed under the loan was $1,213,751. In August of 2013, Hulsey received an offer (“2013 Offer”) to purchase the nine units, together with an additional commercial condominium not at issue, for a total of $2 million. The offer was subject to the buyer’s ability to simultaneously close on his purchase of the Silver Mountain Resort. On October 29, 2013, Washington Federal told Hulsey to direct all future communications regarding the loan to Washington Federal’s counsel. Hulsey proposed to continue making interest payments, as he had done with Washington Federal’s predecessor-in-interest and with Washington Federal, but the bank declined Hulsey’s proposal. In January 2014, Hulsey’s attorney sent Washington Federal a written, prelitigation settlement offer. The settlement offer included a short valuation letter from Jim Koon, an experienced commercial broker and property manager in North Idaho. In the offer, Hulsey suggested to Washington Federal that the property might be worth $578,000 depending on certain assumptions. Washington Federal did not accept the settlement offer. Washington Federal subsequently filed suit against Hulsey and SM Commercial Properties. The parties stipulated to the entry of an order appointing a receiver and to the entry of a Judgment and Decree of Foreclosure in the amount of $1,487,517.62. The parties requested that the district court retain jurisdiction to handle any deficiency that might result from the sale of the property. On October 29, 2014, SM Properties filed Chapter 11 Bankruptcy. The Sheriffs sale that had been scheduled to take place the next day was cancelled. Shortly thereafter, Hulsey received another unsolicited offer for the property (“2014 Offer”) for $1.5 million. Like the 2013 Offer, the 2014 Offer was subject to the buyer simultaneously purchasing the Silver Mountain Resort. Washington Federal moved the bankruptcy court for relief from the automatic stay to allow the foreclosure to proceed under the district court’s order. Hulsey objected to Washington Federal’s motion, and the matter was heard by the bankruptcy court. The bankruptcy court granted the motion from the bench. Subsequently, the property was sold by the Shoshone County Sheriff pursuant to the district court’s Judgment and Decree of Foreclosure. Washington Federal purchased the property based upon a credit bid of $765,000. Washington Federal sought a deficiency against Hulsey for over $700,000 ($l,487,517.62-$780,000 (the appraised value advanced by Washington Federal’s expert).) The sole remaining issue—whether a deficiency judgment should enter—was tried by the district court. One week before trial, Washington Federal filed a motion in limine challenging some of the exhibits proposed by Hulsey, including a 2005 appraisal of the property. Washington Federal argued the 2005 appraisal was irrelevant and i’equested that the district court apply the bankruptcy court’s ruling on the motion for relief from stay (specifically, a finding that there was no equity in the property) to preclude Hulsey from contesting the fail’ market value of the property as of the sale date. In its memorandum decision following the trial, the district court rejected Washington Federal’s issue preclusion argument, finding that the bankruptcy court did not determine the fair market value of the property. The district court subsequently found that Washington Federal had failed to meet its burden of proof as to the existence of a deficiency and the fair market value of the property as of the sale date. Both parties then moved for attorney’s fees incurred after the entry of the stipulated Judgment and Decree of Foreclosure, which the district court denied. Washington Federal timely appealed to this Court. Hulsey filed a cross-appeal on the denial of the attorney’s fees, but dismissed the appeal at the time of oral argument. II. ISSUES PRESENTED ON APPEAL 1. Whether the district court erred in ruling that the bankruptcy proceedings did not preclude Hulsey from contesting the existence of a deficiency. 2. Whether the district court erred by finding that Washington Federal failed to satisfy its burden of proving the existence of a deficiency and the amount of the deficiency. 3. Whether the district court erred in denying attorney’s fees and costs incurred by Washington Federal after entry of the stipulated Judgment and Decree of Foreclosure and before the deficiency trial. 4. Whether the district court erred in striking portions of the affidavit of Roy Cuz-ner submitted by Washington Federal in support of its request for attorney’s fees. 5. Whether either party is entitled to an award of attorney’s fees and costs on appeal. III. STANDARD OF REVIEW The Court’s review is limited “to a determination of whether the evidence supports the trial court’s findings of fact, and whether those findings support the conclusions of law.” Sims v. Daker, 154 Idaho 975, 977, 303 P.3d 1231, 1233 (2013). “[T]his Court is not bound by the legal conclusions of the trial court, but may draw its own conclusions from the facts presented.” Steuerer v. Richards, 155 Idaho 280, 283, 311 P.3d 292, 295 (2013). “Findings of fact will not be set aside on appeal unless they are clearly erroneous.” Kennedy v. Schneider, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). But “[w]here findings of fact are supported by substantial and competent, though conflicting, evidence, they are not clearly erroneous and thus will not be disturbed by this Court.” Id. IV. ANALYSIS A. The district court correctly held that Hulsey was not precluded from contesting the existence or amount of the alleged deficiency because those issues were not previously litigated by the bankruptcy court. Washington Federal contends that the district court erred when it refused to apply the doctrine of issue preclusion (collateral estoppel) to prevent Hulsey from contesting the deficiency. The bank argues that Section 362 of the United States Bankruptcy Code required the bankruptcy court to determine the fair market value of the property in order to adjudicate Washington Federal’s motion to lift the automatic stay. Washington Federal argues that the only plausible market value must have been $780,000, because the only evidence the bankruptcy court considered was Washington Federal’s appraisal as it declined to consider the 2013 and 2014 failed offers. Washington Federal’s arguments are not well taken. Issue preclusion protects litigants from having to re-litigate an identical issue with the same party or a party in privy with the original party. Ticor Title v. Stanion, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007). This Court explained in Ticor Title that there are five factors that are required to preclude a party from re-litigating an issue: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the present action; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. Kootenai Elec. Coop., Inc. v. Lamar Corp., 148 Idaho 116, 120, 219 P.3d 440, 444 (2009) (emphasis added). Washington Federal cannot satisfy the second and third factors. A Chapter 11 bankruptcy petition filed under Sections 301, 302, or 303 results in the imposition of an automatic stay precluding a number of actions, including any act to enforce a lien against property of the debtor. 11 U.S.C. § 362. Section 362 provides a mechanism for lifting the automatic stay so that a debtor can proceed with collection efforts under certain circumstances: (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, (A) if the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1), (2) (emphasis added). Washington Federal filed a motion for relief from stay with the bankruptcy court so that it could proceed with the sale of the property. The bank argued that, based upon the fair market value of the property as presented in its expert appraiser’s report, there was no equity and it should be allowed to proceed with the sale. Hulsey objected to the motion for relief from stay, arguing that it had equity in the property based upon the 2013 Offer of $2 million and the 2014 Offer of $1.5 million. At the hearing, the bankruptcy court considered Washington Federal’s appraisal: “The «'editor ... specifically presents that it has a current MAI appraisal establishing a value of the real property at $780,000.” The bankruptcy court refused to consider Hulsey’s evidence of the two failed offers: The debtor did not indicate under the local rule that Mr. Cox or others working with the offeror would be testifying witnesses at a final hearing, and specifically advised that it planned only on calling Hulsey as a witness. The debtors’ counsel also conceded that unless the Court accepted the suggestion that the $1.5 million dollar contingent offer established value that it could not otherwise contest the valuation figure offered by Washington Federal’s appraiser. On the representations required under the local rule, and given the requirements of Section 362(d), (e), and (g), Washington Federal is found to have met its burden of showing that there is no equity. The bankruptcy court stated that, “[E]ven if the Cox group proposal would be considered, the offer now and the Washington Federal debt are both approximately $1.5 million. ... So in that regard, I find that the value is likely to be less than the amount of the debt and ergo there is no equity.” The bankruptcy court subsequently granted Washington Federal’s motion for relief from stay. It is important to recognize that the bankruptcy court made one finding—the value of the property is likely to be less than the amount of the debt. The bankruptcy court did not make a finding as to the actual fair market value, and it is too far of a stretch to claim that it must have implicitly adopted Washington Federal’s appraised value of $780,000. The bankruptcy court did not have to determine the actual fair market value of the property to determine whether relief from the stay should be granted. It only had to consider whether the actual value was likely to be less than the amount of the debt. In other words, there is no way to determine based on the bankruptcy court’s decision that there would be a deficiency when the property was sold or how much that deficiency would be. The bankruptcy court did not adjudicate or actually decide the same issues that were presented to the district court. As such, the district court correctly declined to apply the doctrine of issue preclusion to estop Hul-sey from contesting the deficiency. On a final note, this Court would like to address the procedural manner in which the issue preclusion defense was raised. Issue preclusion is a form of res judicata and is an affirmative defense which must be pled. See Idaho Rules of Civil Procedure 8(e)(1)(O). Washington Federal raised this defense in a motion in limine filed eight days before trial. A motion in limine is not a proper substitute for a motion for summary judgment. There are serious time constraints on filing motions for summary judgment under Rule 56(b), and litigants cannot circumvent those time requirements through creative captioning. This issue was not raised on appeal, but we want to make attorneys aware of our view of the disguised motion for summary judgment so they can manage them cases accordingly. B. The district court correctly held that Washington Federal failed to satisfy its burden of proving the existence of a deficiency and the amount of the deficiency. The district court held that Washington Federal failed to carry its burden of proving the existence of a deficiency and the amount of that deficiency. Washington Federal challenges that holding, arguing the testimony of the bank’s appraiser Vicki Mundlin was the only testimony of an Idaho licensed appraiser and should have been accepted by the district court. Washington Federal argues that Hulsey’s “sole evidence” about the two failed, contingent offers is inadequate to establish the market value of the property, and that Hulsey failed to produce an actual appraisal. Washington Federal also objects to the use of several demonstrative exhibits, which were used to illustrate hypothetical scenarios. The exhibits were not admitted into evidence or disclosed prior to trial, but were part of Hulsey’s cross examination of Mundlin. “In foreclosure actions, a mortgagee may obtain a deficiency judgment if a foreclosure sale does not satisfy a mortgagor’s debt.” Nw. Farm Credit Servs., FLCA v. Lake Cascade Airpark, LLC, 156 Idaho 758, 760, 331 P.3d 500, 503 (2014) (citing I.C. § 6-108). The deficiency is limited by Idaho Code section 6-108 to the difference between the fair market value of the property and the amount of the unpaid debt. Id. As stated earlier, “[t]he Court will not disturb the district court’s finding of fact unless the finding is clearly erroneous.” Id. (citing PacifiCorp v. Idaho State Tax Comm’n, 153 Idaho 759, 767, 291 P.3d 442, 450 (2012)). A finding is clearly erroneous if it is not supported by substantial and competent evidence. Id. “Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion.” Jarvis v. Rexburg Nursing Ctr., 136 Idaho 579, 583, 38 P.3d 617, 621 (2001). The district court analyzed all of the evidence presented at trial, including the testimony of Washington Federal’s appraiser, the valuation discussion from Jim Koon that was included in the Hulsey settlement offer, and the testimony of Hulsey. The district court carefully analyzed Mundlin’s opinions, including the assumptions she made and the information she considered and did not consider in forming her opinion. The district court considered Mundlin’s imputed vacancy rates, actual and market lease rates, expense reimbursements for management fees and tax burdens, and capitalization rate. To say that Hulsey undermined Mundlin’s opinions through cross examination is putting it mildly. The district court went through Mundlin’s testimony in detail and the cross examination that was done and hypothetical scenarios that were used to discredit her opinions. At the end of the day, the district court concluded: The court is very well aware Ms. Mund-lin disagrees with Mr. Magnuson’s changes to her assumptions in the appraisal and in his hypothetical analyses. The court is very well aware of the reasons Ms. Mundlin testified to as support for her opinions. The court has thoroughly reviewed and considered the entire trial record. Because of the credible distinctions and inconsistencies raised by Mr. Magnuson in his cross-examination of Ms. Mundlin; because of the conflicting but credible opinion of Mr. Hulsey, a licensed real estate broker and experienced commercial real estate investor and manager, supported by the assemblage value theory; because of the omission of the contingent offers by Washington Federal; and because of the profound change in appraised value illustrated by Mr. Magnuson’s hypothetical changes to Ms. Mundlin’s subjective assumptions the court does not find Ms. Mundlin’s determination of fair market value of $780,000 to be credible. * * * The court finds the Plaintiff has failed to meet its burden of proof as to the fair market value of the subject real property on March 5, 2015. Further, the court finds Plaintiff has failed to prove the existence of a deficiency between the fair market value of the property on Mai’ch 5, 2015 and its credit bid of $765,000. The district court’s decision was supported by substantial and competent evidence. The district court considered evidence that “a reasonable mind might accept to support a conclusion.” Jarvis, 136 Idaho at 583, 38 P.3d at 621. The district court carefully considered in-depth all of the evidence presented before it and made reasonable conclusions. Washington Federal makes much of the fact that Hulsey did not put on any evidence from a certified appraiser. Washington Federal misses the point that it had the burden of proof—not Hulsey. After cross examining Mundlin, Hulsey made the decision not to call his own expert. He obviously felt that he had discredited Mundlin’s opinions enough through cross examination that he did not need to put on his own expert testimony. That was a calculated decision that worked in his favor. The district court's decision that Washington Federal failed to prove the existence of a deficiency and the amount of a deficiency is supported by substantial and pompetent evidence. As such, we affirm the decision of the district court. C. The district court erred when it denied Washington Federal’s motion for post-judgment attorney’s fees and costs. Washington Federal claims the district court erred when it denied the bank’s motion for attorney’s fees and costs. Hulsey filed a competing motion under Idaho Code section 12-120(3), claiming that he was the prevailing party. The district court denied both parties’ requests, finding that neither one of them prevailed based on an overall view of the case. Both parties appealed the district court’s decision, but Hulsey dismissed his cross appeal at the time of oral argument. Washington Federal continues with its assertion of error, arguing that its motion should have been granted because: (1) section 12-120(5) mandates the award of attorney’s fees and costs incurred to enforce a judgment; (2) the promissory note and deed of trust authorize the award of attorney’s fees and costs regardless of whether the bank was the prevailing party; and (3) the district court should have determined that the bank was the prevailing party. Generally speaking, the district court’s decision to award attorney’s fees is a discretionary call, subject to the abuse of discretion standard of review. Bailey v. Sanford, 139 Idaho 744, 753, 86 P.3d 458, 467 (2004). To determine whether the district court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. Nampa Charter School, Inc. v. DeLaPaz, 140 Idaho 23, 29, 89 P.3d 863, 869 (2004). We hold that the district court abused its discretion because it did not act consistently with applicable legal standards. We first address Washington Federal’s assertion that it is entitled to attorney’s fees and costs pursuant to Idaho Code section 12-120(5). The problem with this argument is that Washington Federal did not assert this statute as a basis for its motion for attorney’s fees and costs at the time it made its motion. The only bases cited by the bank in its motion were “Rule 54 of the Idaho Rules of Civil Procedure, the parties’ Promissory Note, Deed of Trust and related loan documentation.” We have repeatedly held that “[a] party claiming attorneys fees must assert the specific statute, rule, or case authority for its claim.” MDS Invs., L.L.C. v. State, 138 Idaho 456, 465, 65 P.3d 197, 206 (2003). See also Bream v. Benscoter, 139 Idaho 364, 79 P.3d 723 (2003). Because Washington Federal did not make the 12-120(5) argument when it presented its motion to the district court, it cannot now claim that the district erred by failing to consider it. Next we address the more difficult issue of whether the bank was entitled to attorney’s fees and costs even though the district court determined it was not the prevailing party. Washington Federal contends the district court erred because its decision was inconsistent with our decisions in Post v. Murphy, 125 Idaho 473, 476-77, 873 P.2d 118, 121-22 (1994), and Farm Credit Bank v. Wissel, 122 Idaho 565, 569, 836 P.2d 511, 517 (1992). In those cases, we held that the terms of a valid contract between the parties provided for the award of attorney’s fees and costs even though the trial court determined that the requesting party had not prevailed. We agree that the district court did not consider these decisions when denying Washington Federal’s motion and that it constituted an abuse of discretion because the decision to deny fees was not made in accordance with applicable law. While the dissent contends we should overrule Post and Farm Credit Bank, particularly based on the role that Idaho Rule of Civil Procedure 54 plays as a conduit to the award of attorney’s fees in contract cases, Hulsey did not address Washington Federal’s argument in its briefing on appeal and certainly did not advocate for the reversal of these long-standing precedents. Given the importance of the freedom to contract and potential reliance issues, we are not persuaded to re-consider Post and Farm Credit Bank in a case where the parties have not fully briefed the issue. See, e.g., Payne v. Tennessee, 501 U.S. 808, 827-28, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991) (“Considerations in favor of stare decisis are at their acme in cases involving property and contract rights, where reliance interests are involved”). Similarly, we will not consider the waiver argument the dissent raises because Hulsey did not make this argument on appeal. Because we hold the district court erred in denying Washington Federal’s request for attorney’s fees and costs based on Post and Farm Credit Bank, we need not address Washington Federal’s argument that it was the prevailing party. We vacate the judgment dated April 21, 2016, to the extent it denied Washington Federal’s request for attorney’s fees and costs and remand this matter for further proceedings consistent with this opinion. D. The issue of whether the district court properly struck portions of the affidavit of Roy Cuzner submitted in support of Washington Federal’s request for attorney’s fees is moot. Washington Federal submitted the affidavit of Roy Cuzner, a vice president of special assets, in opposition to Hulsey’s motion for attorney’s fees and to support its alternative argument that it was the prevailing party in the litigation. The affidavit outlined a settlement offer made by Washington Federal and included as an exhibit a copy of the appraisal done by Hulsey’s own expert that essentially established a sizeable deficiency (the expert was not called at trial and his appraisal was not admitted as an exhibit). Hulsey filed a motion to strike portions of the affidavit and the exhibit. Given our decision today that Washington Federal is entitled to costs and fees without regard to whether it was the prevailing party, this issue is moot and will not be addressed. E. Washington Federal is entitled to attorney’s fees for responding to Hul-sey’s cross-appeal. Hulsey requests an award of attorney’s fees on appeal pursuant to Idaho Code section 12-120(3) on the ground that this is an action to recover in a commercial transaction. Because Hulsey only prevailed in part on appeal and did not prevail in his cross-appeal, he is not entitled to an award of attorney’s fees on appeal. Telford v. Smith County, Texas, 155 Idaho 497, 504, 314 P.3d 179, 186 (2013). Washington Federal did not request attorney’s fees on its appeal, but did request an award of attorney’s fees in responding to Hulsey’s cross-appeal. Consistent with our analysis of Washington Federal’s request for attorney’s fees set forth above, Hulsey is obligated to pay reasonable attorney’s fees in responding to the cross-appeal. V. CONCLUSION We affirm the judgment entered on December 23, 2016, in which Washington Federal’s claim for deficiency was dismissed and vacate the judgment entered on April 21, 2016, to the extent it denies Washington Federal’s claim for attorney’s fees and costs. We award Washington Federal attorney’s fees and costs in defending against Hulsey’s cross-appeal. The case is remanded for further proceedings consistent with this decision. Justices EISMANN and HORTON concur. Justice JONES concurs.