## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 45649

REGDAB, INC., an Idaho corporation,　)
　)
　　Plaintiff-Respondent,　)
　)
v.　)
　)
BUCK GRAYBILL and LAURIE　)
GRAYBILL, husband and wife, and the　)
marital community comprised thereof,　)
　)
　　Defendants-Appellants,　)　**Boise, April 2019 Term**
　)
and　)　**Filed: June 13, 2019**
　)
BORGES, LLC, an Idaho Limited Liability　)　**Karel A. Lehrman, Clerk**
Company; CHRISTOPHER B. BORGES and　)
ANNETTE E. BORGES, husband and wife,　)
and the marital community comprised　)
thereof; PATRICK N. FERRICK and　)
NATALIA I. MAKEEVA, husband and wife,　)
and the marital community comprised　)
thereof; and QUICKEN LOANS, INC., a　)
foreign corporation,　)
　)
　　Defendants.　)
———————————————————　)

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Barbara Buchanan, District Judge.

The default judgment is <u>vacated</u>.

Bistline Law, PLLC, Coeur d'Alene, for appellants.

Stamper Rubens, P.S., Spokane, Washington, for respondent.

———————————

SUBMITTED ON THE BRIEFS

BRODY, Justice.

Buck and Laurie Graybill (collectively, "Graybill") appeal an award of attorney fees to Regdab, Inc., following entry of a default judgment against them in an action to foreclose on a

1

mechanic's lien. Graybill objected to the award of attorney fees and costs because Regdab failed to plead in its complaint a specific dollar amount for attorney fees in the event of default as required by Idaho Rule of Procedure 54(e)(4)(B). The district court ruled that the Rule 54(e)(4)(B) pleading requirement was inconsistent with Idaho Code section 45-513, the provision which mandates an award of certain costs and reasonable attorney fees in mechanic's lien foreclosure actions. The district court then granted Regdab's motion for default judgment and awarded the principal amount owed on the mechanic's lien plus $8,134.62 in attorney fees and costs. Graybill timely appealed.

We agree with Graybill that Regdab was required to plead a specific amount of attorney fees to be awarded in the event of default. Since Idaho Code section 45-513 does not contain any language specifying how fees are to be determined, imposing the Rule 54 pleading requirement is not inconsistent with the mandatory award language. We also reject Regdab's invitation to affirm the district court's decision on alternative grounds. Regdab contends that it filed a motion to amend its complaint to address the pleading deficiency and that the motion would have been granted by the district court if it had denied the award of fees. Regdab contends that Graybill would not have been prejudiced by an amendment. We disagree. Graybill relied on the complaint and its failure to contain a specific amount for attorney fees in making the decision not to defend the suit and actually tendered payment in full before the default judgment was entered. Accordingly, we vacate the default judgment and remand this case with instruction to enter a default judgment consistent with this opinion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Regdab, Inc., operates a building supply business known as Badger Building Center. In the fall of 2016, Badger sold Borges, LLC, building materials to improve four residential properties in Sagle, Idaho, including materials valued at $5,252.99 to improve the Graybill property. Regdab also recorded mechanic's liens against each property. After Borges failed to make payments as required, Regdab filed this action against Borges and the four property owners, alleging breach of contract, unjust enrichment, and lien foreclosure. In its prayer for relief, Regdab requested entry of a money judgment against each defendant, including the principal amount owed, interest, "and for attorneys' fees and costs incurred in this litigation pursuant to Idaho Code §12-120, Idaho Code §12-121, Idaho Code §45-513, and I.R.C.P. 54(e)." The complaint did not specify the amount of attorney fees to be awarded in the event of default.

2

No party filed an answer and the district court granted Regdab's motion for default. Most of the defendants later settled with Regdab. When Regdab moved for entry of default judgment, Graybill responded by filing a motion to disallow the proposed award of attorney fees, arguing that Regdab failed to plead a specific dollar amount in its complaint as required by Idaho Rule of Procedure 54(e)(4)(B). Graybill also sent a check to Regdab for the principal amount owed plus costs (the filing fee, service of process, and the title report), to which no objection was made. Regdab refused payment and returned the check to Graybill's counsel.

Regdab then filed a motion to amend its original complaint to include a specific dollar amount if a default judgment was entered. The district court denied this motion. It also denied Graybill's motion to disallow costs, ultimately concluding that Rule 54(e)(4)(B) was inconsistent with Idaho Code section 45-513, which mandates an award of certain costs and reasonable attorney fees in lien foreclosure actions. The district court granted Regdab's motion for default judgment and awarded a total of $8,134.62 in attorney fees and costs. The total judgment award amounted to $13,941.45. The district court also entered an order for the sale of the Graybill property. Graybill timely appealed to this Court, resulting in an Order for the Stay of Execution Pending Appeal that halted the sheriff's sale.

## II. STANDARD OF REVIEW

This Court exercises free review over the application of procedural rules. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). This Court also freely reviews questions of law. *Campbell v. Parkway Surgery Ctr., LLC*, 158 Idaho 957, 961, 354 P.3d 1172, 1176 (2015).

## III. ANALYSIS

### A. The district court incorrectly determined that Idaho Rule of Civil Procedure 54(e) was inconsistent with Idaho Code section 45-513.

The primary inquiry in this case is whether Idaho Rule of Civil Procedure 54(e)(4)(B) required Regdab to plead a specific dollar amount in the complaint's request for attorney fees in the event of default when the award was based on Idaho Code section 45-513. The district court determined that Rule 54(e)(4)(B) did not apply because it is inconsistent with Idaho Code section 45-513's mandatory award of attorney fees. We disagree.

In default judgment cases, the Idaho Rules of Civil Procedure require a specific amount to be plead in the event of default:

3

> When attorney fees are requested pursuant to contract or a statute other than Idaho Code section 12-121 in a judgment by default, *the amount of attorney fees in the event of default must be included in the prayer for relief in the complaint* and the award must not exceed the amount in the prayer. An award of attorney fees under Idaho Code section 12-120 in default judgments where the defendant has not appeared must not exceed the amount of the judgment for the claim, exclusive of costs.

I.R.C.P. 54(e)(4)(B) (emphasis added). This Court has explained that requiring the default amount to be plead puts the defendant "on notice of its full potential liability should it decide not to defend the lawsuit." *Magleby v. Garn*, 154 Idaho 194, 197, 296 P.3d 400, 403 (2013). *Id.* This rule is generally consistent with Idaho statutes that authorize or mandate an award of attorney fees but do not provide a means for determining those fees. *See Bailey v. Bailey*, 153 Idaho 526, 531, 284 P.3d 970, 975 (2012) (holding "[t]he statute provides the authority for the award of fees, and Rule 54(e) is not inconsistent with Idaho Code § 15-3-720 because the statute does not provide a means of determining a reasonable amount of fees.").

Idaho Code section 45-513 states:

> Any number of persons claiming liens against the same property may join in the same action, and when separate actions are commenced the court may consolidate them. The court shall also allow as part of the costs the moneys paid for filing and recording the claim, and reasonable attorney's fees.

I.C. § 45-513. This statute "provides for the award of costs and reasonable attorney fees in the foreclosure of materialman's liens." *Magleby*, 154 Idaho at 199, 296 P.3d at 405 (quoting *Franklin Bldg. Supply Co. v. Sumpter,* 139 Idaho 846, 852, 87 P.3d 955, 961 (2004)). Because "the costs of filing and recording, as well as the attorney fees, are incidental to the foreclosure of a lien pursuant to I.C. § 45–513, the award of attorney fees as part of the enforcement of the lien is a mandatory award." *Credit Suisse AG v. Teufel Nursery, Inc.*, 156 Idaho 189, 203, 321 P.3d 739, 753 (2014) (quoting *Elec. Wholesale Supply Co., Inc. v. Nielson,* 136 Idaho 814, 823–24, 41 P.3d 242, 251–52 (2001)). However, Idaho Code section 45-513 does not provide a means of determining a reasonable amount of attorney fees. The determination of attorney fees is still governed by Idaho Rule of Civil Procedure 54(e)(4)(B), which requires the amount of attorney fees sought in the event of default to be pled with specificity. These procedural requirements must be complied with to receive an award of attorney fees. *See Bailey*, 153 Idaho at 531, 284 P.3d at 975; I.R.C.P. 54(e)(4)(B).

4

Regdab compares its situation to that discussed in *Magleby v. Garn*, arguing that Graybill's participation in the litigation—namely, their consistent objection to the attorney's fees and costs—made it impossible to assign a number to the requested attorney fees to be entered in the event of default. Regdab's situation, however, is inapposite to *Magleby*. There are two situations in which Rule 54(e)(4) may be implicated: first, where the defendant does not appear or defend; second, where the defendant appears and defends—inevitably racking up attorney fees—but the district court eventually enters default judgment. *Magleby,* 154 Idaho at 197, 296 P.3d at 403. In the latter cases, a plaintiff is unable to "meaningfully assign a number to the requested attorney fees to be entered in the event of default, as the amount . . . is necessarily dependent upon future, unknown events." *Id.* Thus, the plaintiff should plead a specific and reasonable amount of attorney fees in its complaint in the event of default pursuant to Rule 54(e)(4)(B) *and* plead a general amount of reasonable attorney fees incurred in the event of litigation. *See id.* at 197–98, 296 P.3d at 403–04. For example, in *Magleby*, the plaintiff's complaint specified that they "requested $2,500 in attorney fees in the event the defendants did not contest their lawsuit and they requested the actual amount of attorney fees incurred in the event that the defendants elected to defend against the lawsuit." *Id.* This appropriate and careful pleading comported with Rule 54(e)'s language and underlying purpose of "notifying the defendants of the extent of their potential liability for attorney fees." *Id.* at 198, 296 P.3d at 404. Not only did Regdab fail to plead in compliance with Rule 54(e)(4)(B), but it rejected Graybill's payment and escalated litigation costs as it pursued attorney fees against Graybill.

Regdab also argues that even if Rule 54(e)(4)(B) applies to Regdab's claim for attorney fees, the recent amendments suggest that a specific dollar amount is no longer required. We disagree. In 2012, when this Court decided *Magleby*, Rule 54(e)(4) stated attorney fees "shall not be awarded unless the prayer for relief in the complaint states that the party is seeking attorney fees *and the dollar amount thereof* in the case judgment is entered by default." *Id.* at 197 (emphasis added). Now the rule states: "When attorney fees are requested pursuant to contract or a statute other than Idaho Code section 12-121 in a judgment by default, *the amount of attorney fees* in the event of default must be included in the prayer for relief in the complaint and the award must not exceed the amount in the prayer." I.R.C.P. 54(e)(4)(B) (emphasis added). The rule's language still requires listing the "amount of attorney fees" in the complaint. "Amount" means "the total number or quantity." *Amount*, MERRIAM WEBSTER'S COLLEGIATE DICTIONARY

(10th Ed. 1995). The plain language of "amount of attorney fees" means a numerical value, not simply a request for attorney fees in general.

Regdab also urges us to affirm the district court on the basis that its motion to amend its original complaint to cure the procedural deficiency would have been granted had fees not been awarded, arguing that the amendment would not have prejudiced Graybill. We reject this argument. The purpose of Rule 54(e)(4)(B) is "is to put the defending party on notice of its full potential liability should it decide not to defend the lawsuit." *Id.* at 197, 296 P.3d at 403. Graybill apparently made a sound tactical decision to rely on the complaint and its non-compliance with Rule 54(e)(4)(B) when they chose to not defend the mechanic's-lien action. Graybill then tendered the full amount owed to Regdab, including the filing fee, service of process, and the title report costs before the district court entered a default judgment. Regdab rejected that tender and permitting an amendment to the complaint, adding a specific amount of attorney fees on default, would have prejudiced Graybill. Escalating attorney fees and costs to pursue fees that were overlooked is a practice we cannot endorse.

Ultimately, the district court incorrectly analyzed Idaho Code section 45-513 and Idaho Rules of Civil Procedure 54(e)(4) and (8) to find Regdab was entitled to an award of attorney fees. The rules are clear in their requirement and Regdab failed to comply with them.

**B.  Neither party is entitled to attorney fees on appeal.**

Graybill requests attorney fees on appeal, arguing Regdab's defense is unreasonable and frivolous. Graybill does not cite to a specific rule, statute, or case for their claim. We have consistently held that a party claiming attorney fees "must assert the specific statute, rule, or case authority for its claim." *Washington Fed. v. Hulsey*, 162 Idaho 742, 749, 405 P.3d 1, 8 (2017) (citation and brackets omitted). Thus, Graybill's claim for attorney fees fails.

Regdab reminds us that *Magleby* expressly prohibits an award of attorney fees to any party where Idaho Code section 45-513 applies, but then proceeds to request attorney fees under Idaho Code section 12-121. Indeed, *Magleby* expressly bars an award of attorney fees here: "Idaho Code section 45-513 does not authorize the award of attorney fees on appeal, nor are attorney fees available on appeal under Idaho Code section 12-121 in cases where Idaho Code section 45-513 applies." *Magleby*, 154 Idaho at 200, 296 P.3d at 406. In addition, Regdab is not the prevailing party. Therefore, we will not award attorney fees to either party on appeal.

## IV.    CONCLUSION

In light of the foregoing, we vacate the default judgment and remand with instructions to enter a judgment consistent with this opinion. Costs to Graybill.

Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.